## CHARLES A. BARHYTE v. JACOB SUMMERS.

*Practice in circuit courts—Limiting number of witnesses.*

It is error for the trial court to limit the number of witnesses to be sworn by either party, upon a material and one of the main issues in the suit.[1]

Error to Eaton. (Hooker, J.) Argued January 20, 1888. Decided January 26, 1888.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*H. F. Pennington,* for appellant.

*Frank A. Dean* and *Garry C. Fox,* for plaintiff.

MORSE, J. This was an action brought originally in justice's court by the plaintiff, alleging that the defendant sold to him a horse which he knew to be unsound, fraudulently representing said horse to be sound " as far as he knew."

The two vital questions upon the trial in the circuit, to which court it was appealed, were:

1. Was the horse unsound, lame, at the time of the sale?
2. If so, did the defendant know of such lameness?

The court in the course of the trial, and while the plaintiff had the case, said to plaintiff's counsel:

" You have called five witnesses as to the condition of this mare before the sale. How many more do you propose to call?"

The counsel answered that it was a vital point in the issue, and he did not know as there was any limit.

---

[1] See *Riggs v. Sterling,* 60 Mich. 644 (head-note 10), where it was held that, in an action of ejectment, where the only question was as to the value of a homestead, it was not an abuse of discretion to limit the number of witnesses to six on each side.

*The Court.* " I don't think it ought to be a question of mere numbers; five witnesses are as good as five hundred. I think I will draw the line there."

But he finally allowed plaintiff to examine seven witnesses upon this point, saying that he should permit no more to be sworn; and stating:

" You have already called seven witnesses showing that the horse limped. It must be pretty well established if it ever can be."

The counsel for plaintiff then offered to swear other witnesses to the fact that they had seen the horse limp before the sale to plaintiff, and this offer being denied, plaintiff's counsel took exception.

When the defense was proving the issue upon its part, and had examined seven witnesses to disprove the lameness of the horse, and offered the eighth for the same purpose, the court said:

"I think you have exhausted your number. You had seven before you called Mr. Kirk [the witness offered]."

The counsel for the defendant then said that he desired to offer the testimony of 12 additional witnesses to the effect that they had known the mare for weeks and months prior to the sale to plaintiff; had seen her frequently; that they had seen her at the barn, seen her exercised, and that she was sound and all right up to the date of the sale.

The court excluded the offered testimony, and defendant's counsel excepted. He was permitted afterwards to show by three witnesses, other than the seven, and by the defendant, that they were present at some of the times when the lameness was observed by plaintiff's witnesses, and noticed nothing of the kind.

The jury found in favor of the plaintiff.

The counsel for defendant claims that the remarks of the trial judge made to plaintiff's counsel about the value of the testimony of five witnesses, and that the lameness of the

animal must be pretty well established by the seven witnesses if it ever could be, were improper, and tended to the prejudice of the defendant. The remarks were certainly not proper, but whether they tended more to the injury of one party than another we are not able to determine; nor is it necessary to do so, as the case must be reversed, and a new trial granted, for another reason.

The court committed substantial error in limiting the number of witnesses to be sworn by either side upon a material and one of the main issues in the suit. The counsel for the plaintiff frankly admit that, if the suit had gone against their client, they should have asked a reversal here upon the same ground that defendant now urges; but they argue that under the ruling no harm was done to the defendant, but that he in fact reaped an advantage by being permitted in the end to swear more witnesses upon the point of the lameness of the horse than the plaintiff.

But the defendant was entitled to offer and produce all the proof he had upon this matter, and it is impossible to say that the denial of such right did not prejudice his case.

We do not consider it necessary to notice the other assignments of error, as upon another trial the question is not likely to arise.

The judgment of the court below is reversed, with costs, and a new trial granted.

The other Justices concurred.