## C. L. COLE, APPELLANT v. C. DUCHENEAU, RE-SPONDENT.

SHERIFF'S FEES—TAXATION—SUFFICIENCY OF AFFIDAVIT.

1. Section 5433, Comp. Laws 1888, provides that the sheriff shall be entitled to receive for serving a subpœna, for each witness summoned, 25 cents; for traveling, per mile, in serving such subpœna, in going only, 25 cents.

2. Section 5447, Comp. Laws 1888, provides that, for each day's attendance before other than justices of the peace, a witness shall receive $1.50 and mileage, one way only, from his place of residence to place of holding court, 20 cents per mile.

3. Section 3695, Comp. Laws 1888, provides for service of memorandum of the items of cost and necessary disbursements upon the opposite party, etc. The plaintiff filed the following taxed bill of costs: "Marshal's fees, subp. wit. for plaintiff, $43.00." The names of 13 witnesses appear in the taxed bill of costs, and the sum of $125.40 is taxed for their travel and attendance. It appears from it that these 13 witnesses traveled from 1 to 14 miles each, and were present in court from 5 to 6 days; but it nowhere appears in the taxed bill of cost or elsewhere in the record where any of these

witnesses resided. *Held,* that the memorandum of the items of the sheriff's fees are not sufficiently set out in the bill of costs. The memorandum should show upon whom the subpœnas were served, where they were served, and the number of miles traveled in making the service. As the witnesses are entitled to mileage only one way, their place of residence should be given.

4. Where an affidavit is made on a motion to retax costs, it should state the name and place of residence of the witness, the distance he had to travel from his place of residence to the place of trial, and the number of days he actually attended court as a witness.

5. Where a party subpœnas his witnesses in good faith, he is not precluded from taxing costs for them because they were not sworn in the case.

(No. 649. Decided Feb. 12, 1896. 44 P. R. 92.)

Appeal from district court, Fourth judicial district, Territory of Utah, Hon. H. W. Smith, *Judge.*

Action by C. L. Cole against C. Ducheneau. From an order made after final judgment retaxing costs and disbursements, plaintiff appeals. *Affirmed.*

*W. R. White* and *Evans & Rogers,* for appellant.

*Kimball & Kimball,* for respondent.

Miner, J.:

This is an appeal from an order made after final judgment, retaxing costs and disbursements. Costs were taxed for the plaintiff in the district court for the sum of $184.60. A motion was made to retax said costs, and disallow items therein charged as witness fees for 10 of appellant's witnesses, and the marshal's fees for subpœnaeing said witnesses. The motion was made upon the ground that none of said witnesses were sworn or examined on the trial of the case, and was based upon the sub-

pœnas and returns thereto, and upon an affidavit filed. An affidavit was filed, stating that the witnesses were not dispensed with or rendered unnecessary by any act of the defendant. Counter affidavits were filed, tending to show that the witnesses were summoned and caused to attend court in good faith, supposing that their testimony was necessary, material, and competent in the trial of the case, and that the necessity for summoning said witnesses was occasioned by statements of the defendant that he would introduce certain testimony, which appellant thought advisable to disprove, and that the introduction in evidence of certain books rendered it unnecessary to swear the witnesses in question. Upon the hearing the court retaxed the costs, and struck out therefrom the sum of $26.75, charged as marshal's fees for summoning such witnesses, and retaxed plaintiff's costs in the sum of $70.25. The record does not show that any subpœna was issued, nor that any return was made showing service on any witness. It does appear that the plaintiff recovered a judgment for the sum of $299 damages and $184.60 costs. The marshal's fees for subpœnaing witnesses are stated in the taxed bill of costs to be $45, but it nowhere appears how far the marshal traveled to serve the subpœnas, nor on whom the subpœnas were served; nor does it appear at what place the witnesses were summoned. Section 5443, Comp. Laws Utah 1888, provides that the sheriff shall be entitled to receive for serving a subpœna, for each witness summoned, 25 cents; "for traveling, per mile, in serving such subpœna, in going only, 20 cents." The taxed bill of costs states only as follows: "Marshal's fees, subp. wit. for plaintiff, $43.00." The names of 13 witnesses appear in the taxed bill of costs, and the sum of $125.40 is taxed for their travel and attendance. It appears from it that these 13 witnesses traveled from 1 to 14 miles each, and were present in

court from 5 to 6 days each; but it nowhere appears in the taxed bill of costs, or elsewhere in the record, where any of these witnesses resided. Section 5447, Comp. Laws Utah 1888, provides that for each day's attendance before other than justices of the peace a witness shall receive $1.50 per day, and mileage, one way only, from his place of residence to the place of holding court, 20 cents per mile. Section 3695, Comp. Laws Utah 1888, provides for the service of a memorandum of the items of costs and necessary disbursements upon the opposite party, etc. We are of the opinion that the memorandum of the items of the sheriff's fees is not sufficiently set out in the bill of costs. The memorandum of the items of costs should show upon whom the subpœnas were served, where they were served, and the number of miles traveled in making the service. The witnesses are entitled to mileage only one way from the place of their residence to the place of holding court. The residences of the witnesses are not given in the taxed bill of costs. These witnesses may have been bystanders at the trial; they may have counted and taxed for traveling fees both ways in estimating the distance traveled, or the distance traveled may have been estimated from some other point than from the place of their residence. The statute requires that a memorandum of the items of cost be served upon the opposing party. This requirement of the statute is for the purpose of giving the opposite party an opportunity of contradicting or disproving the items charged upon a motion to retax costs, and to inform the court of the facts in the case. For the purpose of satisfying this requirement and detecting false swearing, the affidavit should state the name and place of residence of each witness, the distance he had to travel from his place of residence to the place of trial, and the number of days he actually attended court as a witness. No other rule will safely

guard against falsehood, fraud, and overcharges. *Ehle* v. *Bingham*, 4 Hill 595; *Jeffery* v. *Hursh*, 58 Mich. 260, 25 N. W. 176.

We do not think that a party is necessarily precluded from taxing costs for his witnesses because they were not sworn in the case. If a party subpœnas his witnesses in good faith, and they attend court in compliance with such subpœna, he is entitled to tax as costs the fees for such witnesses, unless it is made to appear that an unnecessary unmber of witnesses were brought into court, for the purpose of unnecessarily increasing the costs as a punishment to the opposite party. *Randall* v. *Falkner*, 41 Cal. 242; *Gilbert* v. *Kennedy*, 22 Mich. 5. There are some cases where the trial court would have the discretionary power to limit the witnesses to be called upon certain questions involved in the case to a reasonable number. This is notably true where witnesses are called to impeach or sustain the character of a witness previously sworn in the case. And the same rule may properly apply to expert witnesses, or to those called to give their opinion upon a given state of facts. But this rule should not be invoked in other cases. *Fraser* v. *Jennison*, 42 Mich. 206, 3 N. W. 882; *Hollywood* v. *Reed*, 57 Mich. 235, 23 N. W. 792; *Barhyte* v. *Summers*, 68 Mich. 341, 36 N. W. 93; *Riggs* v. *Sterling*, 60 Mich. 643, 27 N. W. 705. The subpœnas for the witnesses, and the returns thereto upon which the motion to retax costs is in part based, are not in the record. It is very probable that the court below, in retaxing these costs, had other facts before it than the facts presented by this record. Under the circumstances of this case the judgment and order of the court below must be and is affirmed.

ZANE, C. J., and BARTCH, J., concur.