SULKOWSKI *v.* ZYNDA.

1. EVIDENCE—TRIAL—CURING ERROR—DAMAGES.
   In an action for injuries received in an assault, where plaintiff claimed that his skull was fractured and that stammering resulted, and testimony of physicians was admitted without a sufficient showing that the stammering resulted from the injury received, or the fracture examined was caused by the assault, it was error to postpone striking out the testimony during six days of the trial during which the jury had the same in mind.

2. SAME—LIMITATION OF WITNESSES—ISSUES.
   It is error for the trial court to limit the number of witnesses upon a material and disputed issue.

Error to Wayne; Donovan, J. Submitted November 17, 1909. (Docket No. 3.) Decided February 3, 1910.

Trespass *vi et armis* by Joseph Sulkowski against John Zynda. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*William D. Fox* and *Malcolm McGregor* (*Howard B. Bloomer*, of counsel), for appellant.

*A. A. Srere* (*Louis H. Wolfe* and *George A. Safford.* of counsel), for appellee.

MCALVAY, J.   Plaintiff recovered a judgment against defendant upon a verdict of a jury for personal injuries claimed to have been inflicted upon him by defendant by a violent assault made upon him.   Defendant has brought the case here upon a writ of error for review.   Defendant admits that no importance attaches to the manner in which the altercation occurred, " as the conflicting testimony in regard to it was properly submitted to the jury, and there is no assignment of error as to that part of the

testimony." A statement of facts is therefore unnecessary. The errors assigned which are relied upon are:

(1) that the court erred in allowing testimony in the case relative to an alleged fracture of plaintiff's skull.

(2) That error was committed in limiting defendant in the number of witnesses he might introduce to testify as to plaintiff's stammering before the claimed injury.

Plaintiff was an employé of defendant in his brewery in the capacity of firing the boilers and as night watchman, and the assault complained of occurred at midnight at the brewery, when he claims he was set upon by defendant and two others. In his declaration he sets forth that, among other serious injuries he received at this time at the hands of defendant, were injuries to his head, which affected his speech and caused stammering. The testimony relative to the alleged fracture of the skull was given by Dr. Schwartz, who had for the first time made an examination of plaintiff on the day previous to that on which he was testifying. This testimony was objected to for that reason, and an exception was taken to its admission, which was after the doctor had qualified as an expert. This was the only objection made until he had been cross-examined, when one was made on the ground that it was not shown that the fracture of the skull, claimed to have been found by the witness, occurred at the time of the alleged assault, or that it was the cause of the stammering of plaintiff. On the day following, at the close of plaintiff's main case, counsel for defendant moved to strike out all of the testimony of this witness and Drs. Polozker and Schulte, as to what they found at the examination of plaintiff's head on May 7th, for reasons above stated. This motion was overruled and an exception taken. The testimony for defendant was then introduced and afterwards rebuttal of plaintiff. The case was finished on May 13th, at which time the court in his general charge took this matter from the jury in the following words:

"I charge you by request that there is no evidence now

competent to go to the jury to prove that the stammering of this man was caused by a dent in his head because there is no evidence of when the doctor examined that dent that he knew anything about when it was made. It would be a dangerous thing for the jury under the testimony to charge this stammering to the dent in the man's head."

The only request referred to by the court on this matter appearing in the record is the motion above noted. The evidence, in the opinion of the court, did not connect the claimed fracture of the skull with the assault, or show that the stammering resulted from such fracture. Defendant insists that the delay was prejudicial, that the jury had considered all this testimony for five days after the motion was made. We think that it was prejudicial error to delay passing upon the question for such a length of time. The jury must have had this evidence in mind during the remaining days of the trial and the arguments of counsel, and it would be impossible to remove its effect at the close of the case in this manner.

A very material element of damage declared upon, and to establish which proof was offered as above stated, was that as a result of injuries to plaintiff's head his speech was affected by stuttering and stammering. In contradiction of this claim, and to show that plaintiff stuttered before the claimed injury, defendant introduced his own testimony and that of six other witnesses, and had others ready to testify to the same effect; but was not permitted to do so for the reason that the court limited each side to six witnesses upon this question. Defendant excepted to the ruling of the court. It is claimed that this objection is not timely or sufficiently stated. The objection of defendant could not have been misunderstood either by court or counsel. What occurred at the time, as shown in the record, makes this apparent. The point is well taken and is ruled by *Barhyte* v. *Summers,* 68 Mich. 341 (36 N. W. 93), where the exact question was passed upon. This court said:

"The court committed substantial error in limiting the number of witnesses to be sworn by either side upon a material and one of the main issues in the suit."

There is a class of cases where this court has held that the number of witnesses may be limited. In *Riggs* v. *Sterling*, 60 Mich. 644 (27 N. W. 705, 1 Am. St. Rep. 554), this court so held upon the question of value of a homestead. In *Detroit City Railway* v. *Mills*, 85 Mich. 634, 659 (48 N. W. 1007), the court said that such limitation was within the discretion of the court in a chancery case. The question in that case was as to the construction of an electric street railway on a certain street in Detroit, and the testimony upon which the limitation was placed was as to the dangers and actual perils witnessed by persons from the use of the new (electrical) method of transit. The case is distinguishable from *Barhyte* v. *Summers, supra*. It was not only a chancery case, but the question upon which proof was limited was not a question upon which the case rested, nor, as in this case, a vital question of fact to be found by the jury.

For the errors pointed out, the judgment is reversed, and a new trial ordered.

HOOKER, MOORE, BROOKE, and BLAIR, JJ., concurred.