Arthur Dennis **KUSY**, Plaintiff
and Appellant,

v.

**K-MART APPAREL FASHION CORP.**, a
Delaware corporation, and John Doe,
an individual, Defendants and Respondents.

**No. 18360.**

Supreme Court of Utah.

April 24, 1984.

---

**6.** *Id.* at 223.

OAKS, Justice:

In this personal injury action, the jury found no negligence on the part of defendant K-Mart. On appeal, plaintiff claims that the trial court erred by refusing to admit into evidence defendant's answer to an interrogatory. He also cites error in the failure to give his proffered jury instruction on res ipsa loquitur and in the instruction given on avoidable accident. We reverse.

Plaintiff was employed as a truck driver. In May 1976, he delivered a load of trees and shrubbery to one of defendant's stores in Murray. In the unloading process, plaintiff requested assistance from the garden shop manager, Hunt. Hunt designated his employee, Coupe, to deliver pallets by forklift to the door of plaintiff's truck. Coupe selected pallets from a pile on the store's premises and raised them to the level of the truck's bed, approximately five feet from the ground. Plaintiff then placed from twenty-five to thirty trees on each pallet.

Plaintiff's injury occurred after he successfully unloaded two pallets of trees. He contends that he noticed some damaged boards toward the back of the third pallet Coupe delivered. Fearing that the boards might break and spill some of the trees, he requested a new pallet. Coupe refused. After plaintiff unloaded six or eight trees onto this pallet, some of its boards (not those he had originally noticed) broke under plaintiff's foot, causing him to lose his balance, fall to the ground, and break his wrist. Plaintiff alleged that defendant negligently maintained or negligently failed to inspect the pallets to insure their safety.[1]

Wilford A. Beesley, Jack Fairclough, Salt Lake City, for plaintiff and appellant.

Alan L. Larson, Salt Lake City, for defendants and respondents.

## I. ADMISSIBILITY OF ANSWERS TO INTERROGATORIES

Plaintiff was the only eyewitness to testify about the accident. Coupe, the other

1. For cases declaring the proprietor's duty to use reasonable care to maintain premises in safe condition for business invitees, *see Walker v. Union Oil Mill, Inc.,* La., 369 So.2d 1043 (1979); *Husketh v. Convenient Systems, Inc.,* 295 N.C. 459, 245 S.E.2d 507 (1978). *See also DiMare v. Cresci,* 58 Cal.2d 292, 373 P.2d 860, 23 Cal.Rptr. 772 (1962) (duty to inspect for latent defect).

eyewitness, was apparently out of the country. Defendant presented only one witness, Hunt. He was on the premises when the accident occurred and approached the scene immediately thereafter. Hunt testified that he did not know whether the pallet broke or whether plaintiff merely fell from the pallet. He testified that he observed no broken boards or debris on the ground when he first walked up to the scene. Thus, Hunt's testimony at least to some degree refuted plaintiff's version of the accident and implied that plaintiff had merely slipped from the pallet.

While cross-examining Hunt, plaintiff's attorney sought to read one of defendant's answers to interrogatories. (The answers were signed by Michael Street, general manager of the K-Mart store, on behalf of the corporate defendant.) In that answer, defendant admitted that "the pallet board where [plaintiff] stepped broke off and plaintiff fell to the ground." The trial judge refused to allow counsel to read this answer, ruling that since the interrogatories were signed by someone other than the testifying witness, they could not be used for impeachment. This was reversible error.

Rule 33(b), Utah R.Civ.P., allows answers to interrogatories to be used at trial "to the extent permitted by the rules of evidence." Utah Rules of Evidence 63(7), in effect at the time of trial, provided that a statement made by a party would not be excluded under the hearsay rule when the statement was offered against him. *See Terry v. Panek*, Utah, 631 P.2d 896, 898 (1981).[2] An admission of a party, when offered against him, comes in as substantive evidence of the facts stated. *Geldert v. State*, 3 Haw.App. 259, 649 P.2d 1165, 1172 (1982). This is especially appropriate when the evidence is embodied in answers to interrogatories, since a declarant has ample time to consider such a statement and submits it under oath.

Defendant argues that the admission in the answer to the interrogatory was inappropriately used to impeach Hunt, since Hunt did not sign it. We disagree. Hunt was the only witness who testified on behalf of defendant. Through his testimony, Hunt gave the impression that the boards on the pallet did not break and that plaintiff had merely fallen off the pallet. Plaintiff was then entitled to introduce whatever substantive evidence he had to contradict the witness and support his own version of the facts. Specifically, "answers to interrogatories can be used by an adverse party for any purpose, including attacking the credibility of a party as a witness." *Farkas v. Sadler*, R.I., 375 A.2d 960, 964 (1977). That rule covers the proposed use of the answer to the interrogatory to impeach the witness in the circumstances of this case.

We are unable to say that the error in excluding the answer to the interrogatory was harmless in this case. Hunt's testimony implied that plaintiff had merely fallen off the pallet and that the pallet had not broken. The only evidence that the pallet had in fact broken was plaintiff's own testimony, which the jury could have viewed as self-serving. Plaintiff's credibility would have been greatly enhanced if the jury had been informed that defendant, in sworn answers to interrogatories, had given the same rendition of the facts. Failure to allow the evidence was prejudicial to plaintiff's case. We must therefore reverse and remand the case for a new trial.

For the guidance of the district court on remand, we proceed to address the issues regarding jury instructions.

## II. RES IPSA LOQUITUR

Plaintiff requested jury instructions on res ipsa loquitur. For reasons that do not appear in the record, the trial court refused to give them. On appeal, defendant argues that plaintiff failed to make out the elements that are necessary before such an instruction is given.

---

**2.** We note that our new evidence rules are to the same effect: an admission of a party-opponent, offered against that party, is not hearsay. Utah Rules of Evidence 801(d)(2).

Res ipsa loquitur is an evidentiary rule that permits an inference of negligence on the part of a defendant under well-defined circumstances. Before being entitled to such a jury instruction, a plaintiff must show:

(1) [T]hat the accident was of a kind which, in the ordinary course of events, would not have happened had due care been observed; (2) that the plaintiff's own use or operation of the agency or instrumentality was not primarily responsible for the injury; and (3) that the agency or instrumentality causing the injury was under the exclusive management or control of the defendant.

*Anderton v. Montgomery,* Utah, 607 P.2d 828, 833 (1980) (citations omitted). One of the purposes of the res ipsa instruction is to "cast the burden upon [the person who controlled the agency or instrumentality causing the injury] to make proof of what happened." *Id.* at 833, *quoting Lund v. Phillips Petroleum Co.,* 10 Utah 2d 276, 280, 351 P.2d 952, 954 (1960). It should be noted, however, that "[o]nce the elements of res ipsa loquitur have been established, it merely permits and does not compel the inference of negligence by the fact finder." *Archibeque v. Homrich,* 88 N.M. 527, 532, 543 P.2d 820, 825 (1975). *See also Brizendine v. Nampa Meridian Irrigation District,* 97 Idaho 580, 585, 548 P.2d 80, 85 (1976).

Once the plaintiff makes a prima facie showing of the elements, he is entitled to a res ipsa instruction. The trial court should not weigh conflicting evidence of the elements; this is the jury's function. In order to determine the appropriateness of a res ipsa instruction, the court must view the evidence "in a light most favorable to the plaintiff...." *Anderton v. Montgomery,* 607 P.2d at 833.

Under the standard discussed above, this plaintiff introduced sufficient evidence at the trial to entitle him to a res ipsa loquitur instruction. There was a prima facie showing of each of the three elements. First, plaintiff testified about his extensive experience utilizing pallets during the course of his work. He testified that pallets are able to bear far greater weight than was placed on the pallet that broke here. This testimony would support an inference that the pallet would not have broken if due care had been observed, as discussed below. *E.g., DiMare v. Cresci,* 23 Cal.Rptr. at 776, 373 P.2d at 864 ("[o]rdinarily steps which are part of a common stairway do not collapse when used by a tenant in a normal manner unless the landlord who has had the duty to maintain and inspect them was negligent"). Second, plaintiff testified that he unloaded the truck in the usual manner, consistent with the directions of the manager of the garden department. Third, defendant retrieved the pallets from its own yard and brought them to the truck for plaintiff's use.

Defendant argues that the first element ("kind of accident") was lacking because the jury found that neither party was negligent. This begs the question. Plaintiff's evidence entitled him to the res ipsa instruction, and he does not lose that entitlement because of what the jury found without the instruction.

Defendant further argues that the third element ("exclusive management or control") was lacking, since there was testimony that some of the pallets were not owned by defendant and that pallets were always being delivered and picked up from defendant's premises. However, the issue is not ownership but control. The control necessary for a res ipsa instruction is control exercised at the time of the negligent act. *Town of Reasnor v. Pyland Construction Co.,* Iowa, 229 N.W.2d 269 (1975); *Birmingham v. Gulf Oil Corp.,* Tex., 516 S.W.2d 914, 918 (1974). It is clear from uncontradicted evidence that defendant had exclusive control of the instrumentality that caused the injury as of the time the alleged negligent act occurred.

In this case, we know from defendant's admission in its answer to the interrogatory that plaintiff's injury was caused by his fall and that his fall was caused by the breaking of the pallet. We do not know what caused the pallet to break. Similarly,

in *Kitto v. Gilbert*, 39 Colo.App. 374, 570 P.2d 544, 548–49 (1977), it was clear that plaintiff's injury resulted from inadequate anesthetization when tubing connecting him to the anesthesiology apparatus became dislodged, but it was unclear what caused the tubing to be dislodged. On those facts, it was held error to refuse a res ipsa instruction.

In this case, plaintiff alleged and sought to prove two different theories under which defendant would be responsible for the defective condition of the pallet that caused the injury: negligent failure to inspect and negligent maintenance. In support of the first theory, plaintiff elicited from Hunt an admission that the pallets were not inspected before they were provided for use by plaintiff. In support of the second theory, Hunt admitted that the pallets were stacked in an unprotected area where they were sometimes run over by motor vehicles.

At the second trial, the court must decide if a res ipsa instruction is appropriate on the basis of the evidence submitted there. Assuming plaintiff can prove that the pallet broke and caused his fall, but cannot point to the specific act that caused the pallet to break, a res ipsa instruction could be appropriate. However, if the evidence goes so far as to explain the precise cause of the break, res ipsa is no longer necessary and therefore would be inappropriate. *Crawford v. Rogers*, Alaska, 406 P.2d 189, 193 (1965); *Hugo v. Manning*, 201 Kan. 391, 395–98, 441 P.2d 145, 149–51 (1968); *Dabroe v. Rhodes Co.*, 64 Wash. 431, 392 P.2d 317, 322 (1964). *See generally Webb v. Olin Mathieson Chemical Corp.*, 9 Utah 2d 275, 285, 342 P.2d 1094, 1101 (1959).

■ A res ipsa instruction would not be appropriate as to the theory of negligent failure to inspect. Defendant admitted at trial that it failed to inspect the pallets before providing them for plaintiff's use. This admission leaves nothing to infer about the cause of the accident so far as it pertains to this theory of responsibility. The only remaining issue is whether failure to inspect (assuming inspection would have revealed the defect) constitutes a breach of defendant's duty to provide a safe working place for its business invitees. The res ipsa instruction has no function under this issue.

■ A res ipsa instruction may be appropriate as to the theory of negligent maintenance of the pallets. There was evidence at trial that pallets on defendant's premises were stacked in an unprotected area where they were sometimes run over by motor vehicles. At the same time, plaintiff cannot point to an individual event or practice of defendant's that produced the defective condition in the particular pallet that broke and caused this accident. Thus, under this theory of responsibility, we have evidence of specific acts of negligent maintenance by defendant, but no clear demonstration of the cause of the defect in the pallet that broke.

■ The rule we choose to follow in this circumstance is the rule articulated by the Kansas Supreme Court in *Ballhorst v. Hahner-Foreman-Cale, Inc.*, 207 Kan. 89, 99, 484 P.2d 38, 46 (1971):

[W]here *res ipsa loquitur* has been properly brought into a case it will not be removed by a mere prima facie showing of specific negligence, but under such circumstances the case should be submitted on both the theory of specific negligence and *res ipsa loquitur*. We further [hold] that *res ipsa loquitur* should not be removed by proof of specific negligence unless the proof goes so far as to fully explain the cause of the injury by positive evidence revealing all of the facts and circumstances.

(Italics in original.) *Accord Hugo v. Manning, supra; Fields v. Berry*, Mo.App., 549 S.W.2d 122, 124–25 (1977). *See also Harper v. Hoffman*, 95 Idaho 933, 935–36, 523 P.2d 536, 538–39 (1974) (pleading).

In the second trial of this case, plaintiff may be able (by proof of specific acts or practices of defendant) to make a prima facie showing that the defective condition of the pallet that broke was caused by defendant's maintenance (or lack of mainte-

nance). If so, the jury might find defendant negligent on that theory even without a res ipsa instruction. But under the rule in *Ballhorst,* the prima facie showing of specific acts of negligence in respect to maintenance would not preclude an otherwise appropriate res ipsa instruction, so long as the specific evidence of negligence does not "fully explain the cause of the injury by positive evidence revealing all of the facts and circumstances." Consequently, a res ipsa instruction may be available on this theory.

On remand, the district court will determine on the evidence at the second trial whether plaintiff has made a prima facie showing of the elements necessary for the res ipsa instruction and, if so, whether the evidence of specific acts of defendant's negligence so clearly explain the cause of the accident that res ipsa loquitur is not appropriate.

### III. UNAVOIDABLE ACCIDENT

The trial court gave defendant's proposed jury instruction on unavoidable accident. Plaintiff argues on this appeal that the instruction should not have been given. Courts in other jurisdictions have disapproved such an instruction, *see, e.g., Lewis v. Buckskin Joe's, Inc.,* 156 Colo. 46, 61, 396 P.2d 933, 941 (1964), and we have said that it is only to be used "in a rare case...." *Stringham v. Broderick,* Utah, 529 P.2d 425, 426 (1974). Nevertheless, we have approved unavoidable accident instructions in two recent cases. *Anderson v. Toone,* Utah, 671 P.2d 170, 174 (1983); *Anderton v. Montgomery,* 607 P.2d at 834–35 (case involving res ipsa loquitur). "Such an instruction should be given with caution and *only* where the evidence would justify it." *Woodhouse v. Johnson,* 20 Utah 2d 210, 213, 436 P.2d 442, 445 (1968) (emphasis in original).

██ It will be up to the district court on remand to determine whether the facts presented at the second trial warrant an unavoidable accident instruction. The instruction should only be given if the evidence could be interpreted as showing that

this was an unusual and unexpected occurrence "which result[s] in injury and which happen[s] without anyone failing to exercise reasonable care ...." *Id.*

The judgment of the trial court is reversed, and the case is remanded for a new trial consistent with this opinion. Each party to bear own costs.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.