**Clifford AMES, Plaintiff and Appellant,**

v.

**Shauna B. MAAS, Defendant and Appellee.**

**No. 910701–CA.**

Court of Appeals of Utah.

Jan. 15, 1993.

---

Mark H. Gould, Ogden, for plaintiff and appellant.

Tim Dalton Dunn and Glen Hale, Salt Lake City, for defendant and appellee.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

ORME, Judge.

Plaintiff, Clifford Ames, appeals from a jury's verdict in favor of defendant, Shauna Maas, claiming the trial court committed prejudicial error by giving the jury an instruction on "unavoidable accident," denying plaintiff's motions with respect to liability, and awarding certain costs to defendant. We affirm.

## FACTS

On the morning of Saturday, January 16, 1986, between 8:00 and 9:30 a.m., plaintiff and his wife left their Layton home to go skiing. On that morning, the streets in plaintiff's neighborhood were quite slick. After having traveled only a few blocks in their automobile, plaintiff discovered he and his wife had left their ski pass vouchers behind. Plaintiff turned his vehicle around and proceeded home the same way he had come.

At the time plaintiff was driving back toward his home, defendant, a neighbor of plaintiff, had left her home to go to work. Defendant was driving a pick-up truck with four-wheel drive capability. Defendant noted that the street was snowpacked and icy. As plaintiff proceeded northbound toward his home, defendant reached a curve in the road while traveling approximately 20–25 miles per hour. The posted speed limit in the area was 25 miles per hour.

As she rounded the curve, defendant did not see anything unusual on the road.[1] Defendant suddenly lost control of her vehicle. Her truck slid across the center of the road and struck plaintiff's automobile. Defendant did not have her truck in four-wheel drive at the time of the collision.[2]

---

1. Defendant testified at trial that she drove her vehicle to work at approximately the same time of day on Tuesday and Thursday previous to the day of the accident. On both the Tuesday and Thursday, the roads were snowpacked. Defendant testified that she traveled at approximately the same speed on those days as she did on Saturday morning and had not had any problems negotiating the turn. On the day of the accident, the road looked the same to defendant as it had on the two prior occasions.

2. Defendant testified at trial that prior to the collision, she had no reason to put her truck in four-wheel drive as she had not experienced sliding or slipping, nor had she lost traction or become stuck while driving prior to the collision.

At the scene of the accident, defendant witnessed the unsuccessful attempts of other drivers to stop at a nearby stop sign. After the police officer investigating the collision finished his report, defendant observed him attempt to stop at the same stop sign. The officer slid past it.[3]

Plaintiff brought a personal injury action against defendant Maas [4] seeking damages for injuries sustained by plaintiff as a result of the January 16 collision. The case was ultimately tried to a jury. At the close of evidence, plaintiff moved for a directed verdict on the issue of liability, which was denied. At defendant's request, and over plaintiff's objection, the jury was given an "unavoidable accident" instruction.[5] Special interrogatories were submitted to the jury, the first of which asked whether defendant was negligent at the time and place of the accident. The jury responded "No." Plaintiff filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial, both of which were denied. The trial court awarded defendant her costs. This appeal ensued.

Plaintiff argues on appeal that the trial court erred in (1) giving the jury the "unavoidable accident" instruction; (2) denying plaintiff's motion for directed verdict and post-trial motions; and (3) its award of costs to defendant.

## UNAVOIDABLE ACCIDENT INSTRUCTION

### A. Standard of Review

 Plaintiff argues that the trial court committed prejudicial error in giving the jury an instruction on "unavoidable accidents." Determining the propriety of the instructions submitted to the jury presents a question of law, and we therefore review the trial court's instructions under a correction of error standard. *State v. Ontiveros*, 835 P.2d 201, 205 (Utah App.1992); *State v. Brooks*, 833 P.2d 362, 363–64 (Utah App. 1992); *Davidson v. Prince*, 813 P.2d 1225, 1227 (Utah App.), *cert. denied*, 826 P.2d 651 (Utah 1991). This court reviews "jury instructions in their entirety and will affirm when the jury instructions taken as a whole fairly instruct the jury on the law applicable to the case." *Ontiveros*, 835 P.2d at 205. *See State v. Haston*, 811 P.2d 929, 931 (Utah App.1991), *cert. granted*, 836 P.2d 1383 (Utah 1992). We note that "[a] trial court has a duty to instruct the jury on the law applicable to the facts of the case," and "[t]he defendant has a right 'to have his or her theory of the case presented to the jury in a clear and understandable way.'" *State v. Hamilton*, 827 P.2d 232, 238 (Utah 1992) (quoting *State v. Potter*, 627 P.2d 75, 78 (Utah 1981)). Nonetheless, not every error in instructing a jury will result in reversal. We reverse a trial court's decision on the basis of an instruction improperly submitted to the jury only where the party challenging the propriety of the instruction "demonstrates prejudice stemming from the instructions viewed in the aggregate." *Haston*, 811 P.2d at 931.

### B. Propriety of "Unavoidable Accident" Instruction in General

The parties have called our attention to several Utah cases addressing the propriety of the "unavoidable accident" instruction. In several of those cases, the Utah Supreme Court approved the submission of such an instruction under limited circumstances. In *Porter v. Price*, 11 Utah 2d 80, 355 P.2d 66 (1960), the Utah Supreme Court observed that "in most cases the

---

**3.** At trial both plaintiff and his wife testified that on that Saturday, the roads were very icy. The police report stated that "[t]he road surface was complete glare ice."

**4.** Another defendant, J.C.B. Produce, was dismissed from the case at the close of plaintiff's case-in-chief on motion for directed verdict. Plaintiff does not appeal that disposition.

**5.** The instruction given was as follows:

> The law recognizes unavoidable accidents. An unavoidable accident is one which occurs in such a manner that it cannot justly be said to have been proximately caused by negligence as those terms are herein defined. In the event a party is damaged by an unavoidable accident, he has no right to recover, since the law requires that a person be injured by the fault or negligence of another as a prerequisite to any right to recover damages.

usual instructions on negligence and proximate cause make it sufficiently clear that the plaintiff must sustain his burden of proof on these issues in order to recover, and that in such instances an instruction on unavoidable accidents serves no useful purpose." *Id.* 355 P.2d at 68. The court noted, however, that in some situations, "where the evidence is susceptible of being so interpreted that an accident occurred without negligence on the part of anyone, and if it is reasonably susceptible of such interpretation, and a party requests it, the trial court commits no error in so advising the jury" on unavoidability. *Id.*

In *Woodhouse v. Johnson,* 20 Utah 2d 210, 436 P.2d 442 (1968), as well as in several other cases, the Utah Supreme Court has recognized that

the more basic reason for criticizing such an instruction is that it is a duplication. Inasmuch as the jury is elsewhere advised that the defendant's negligence must be proved, and that in the absence of such proof of negligence he is not liable, it is unnecessary to state again that if the accident was unavoidable because not caused by negligence, he is not liable.

*Id.* 436 P.2d at 445. *See Anderton v. Montgomery,* 607 P.2d 828, 834 (Utah 1980) ("It is true that [an unavoidable accident] instruction amounts, in essence, to a reemphasis of principles already implicit in other instructions."); *Wellman v. Noble,* 12 Utah 2d 350, 366 P.2d 701, 702 (1961) (an unavoidable accident instruction "in most cases is superfluous in view of the other instructions which are given covering the basic issues in accident cases").

Our Supreme Court has also cautioned that an unavoidable accident instruction should not be used in every negligence case. "Such an instruction should be given with caution and *only* where the evidence would justify it." *Woodhouse,* 436 P.2d at 445 (emphasis in original).[6] In several more recent cases, the Utah Supreme Court has determined when an unavoidable

instruction is proper and when its submission to the jury constitutes error.

■ In *Stringham v. Broderick,* 529 P.2d 425 (Utah 1974), the defendant rear-ended the plaintiff's vehicle on a public highway in a dust storm. On appeal, the defendant claimed the trial court erred in failing to instruct the jury on unavoidable accidents. In affirming the trial court's refusal to submit the instruction, the Utah Supreme Court stated:

It is only in a rare case that an instruction on unavoidable accident is applicable. If either party can avoid an accident by the exercise of proper care, it cannot be said to be unavoidable. The issue of unavoidable accident arises only where the evidence shows that the accident happened from an unknown or unforeseen cause or in an unexplainable manner which circumstances rebut the defendant's alleged negligence.

*Id.* at 426. The *Stringham* court found the unavoidable accident theory inapplicable where "the negligence of a party puts him in such a position that a collision is inevitable." *Id.* In such a case, it is error to submit an unavoidable accident instruction. *See id.*

The Utah Supreme Court approved the unavoidable accident instruction in two cases cited by plaintiff. In *Anderton v. Montgomery,* 607 P.2d 828 (Utah 1980), the plaintiff unsuccessfully brought an action against a sheet metal vendor after a display device holding sheet metal samples collapsed and injured him. In upholding the trial court's submission of an unavoidable accident instruction, the Utah Supreme Court held that the submission of such an instruction is not error "[w]here the injury arises from a set of circumstances which do not reflect a lack of due care on anyone's part." *Id.* at 834. The Court further held that "an unavoidable accident instruction is not error if it clearly and concisely states the principle involved, and does not create an imbalance in the jury instructions." *Id.* at 835.

---

6. The *Woodhouse* court refused to declare categorically that an unavoidable accident instruction should never be given, noting that such a refusal "does not square up with the law, nor with the practical realities of life." 436 P.2d at 445.

In *Anderson v. Toone,* 671 P.2d 170 (Utah 1983), a passenger brought an action against the driver for injuries incurred in an accident while riding in a dune buggy. On appeal, the plaintiff assigned error to the trial court's instructing the jury on unavoidable accident. The Court quoted with approval the language in *Stringham* observing that an unavoidable accident instruction is proper only in rare cases. *Id.* at 174. However, the Court noted that the defendant's evidence—flat light made it impossible for the driver of the dune buggy to discern the contours and breaks in the dune formations by creating an optical illusion that two ends of a ridge were connected to form an uninterrupted whole—could justify the jury's viewing it as one of the rare cases noted by the *Stringham* court. Accordingly, the *Anderson* Court refused to hold that the instruction was improper.[7]

■ We discern from these cases no intention on the part of the Utah Supreme Court to abandon the unavoidable accident instruction altogether, as plaintiff would have us do. Both *Anderton's* and *Anderson's* approval of the instruction in appropriate circumstances suggests that Utah will not follow those states that have abandoned the use of such an instruction.[8] However, the Utah cases clearly require that the instruction should be used only in extraordinary circumstances.

■ In *Kusy v. K–Mart Apparel Fashion Corp.,* 681 P.2d 1232 (Utah 1984), the Utah Supreme Court's most recent pronouncement on the permissibility of an unavoidable accident instruction, the Court held that "[t]he instruction should only be given if the evidence could be interpreted as showing that this was an *unusual* and *unexpected* occurrence 'which result[s] in injury and which happen[s] without anyone failing to exercise reasonable care.'" *Id.* at 1237 (emphasis added) (quoting *Wood-*

house, 436 P.2d at 445). Thus, only in rare cases, where the criteria outlined in *Kusy* and prior cases are met, can the unavoidable accident instruction properly be given.

### C. Propriety of Unavoidable Accident Instruction in This Case

■ In the instant case, plaintiff argues the trial court erroneously gave the unavoidable accident instruction because the circumstances of the case are dissimilar to those present in cases where the instruction has been approved. Specifically, plaintiff argues that defendant's loss of control of her vehicle on an icy road is neither "unusual" nor "unexpected" as *Kusy* requires. 681 P.2d at 1237. Nor, argues plaintiff, was the accident caused by "an unknown or unforeseen cause" as is required by *Stringham.* 529 P.2d at 426.

We agree. In view of the unusual circumstances present in the cases where such an instruction has been approved, and in consideration of the Court's refusal in *Stringham* to find error in the trial court's failure to instruct on unavoidable accident in a weather-related highway accident case, we conclude that the trial court's submission of such an instruction in this case was in error. The facts here do not present a "rare case" in which the unavoidable accident theory should be employed. On the contrary, hazardous winter driving conditions in northern Utah are not unusual or unexpected. The cause of this accident is not unknown, nor was it unforeseeable.

### PREJUDICE

■ None of the many Utah cases called to our attention by the parties involves reversal of a jury verdict on the sole ground that an unavoidable accident instruction was given when it should not have been, yet this is exactly what plaintiff would have us do. Giving such an instruc-

---

7. In *Anderson,* the Court noted that while the Court in *Stringham* rejected the defendant's argument that an unavoidable accident instruction was proper, "highway accident cases are of doubtful precedent in this case involving a specially constructed recreational vehicle on treacherous open terrain." *Anderson,* 671 P.2d at 174.

8. In *Woodhouse* the Court noted that "[t]he fact that such an instruction is sometimes erroneously given in cases where it is not properly applicable is no good reason for banning it entirely." *Woodhouse,* 436 P.2d at 445.

tion constitutes grounds for reversal only if plaintiff shows prejudice resulting from the submission of the instruction. *See Calahan v. Wood*, 24 Utah 2d 8, 465 P.2d 169, 170–71 (1970). Whether prejudice has resulted is determined in light of all the instructions and circumstances of the case. *See, e.g., Anderson v. Toone*, 671 P.2d 170, 175 (Utah 1983) ("whether the giving of an instruction constitutes reversible error must be determined by whether all the instructions read in harmony fairly presented to the jury in a clear and understandable way the issues of fact and applicable law"); *Anderton v. Montgomery*, 607 P.2d 828, 834 (Utah 1980) (Giving an unavoidable accident instruction "in and of itself, is not prejudicial, however, unless it results in the instructions given being weighted, as a whole, in favor of the defendant."); *Calahan*, 465 P.2d at 171 ("A survey of the entire record does not reveal any prejudicial effect of this erroneous instruction."); *Woodhouse v. Johnson*, 20 Utah 2d 210, 436 P.2d 442, 445 (1968) ("[E]ven the cases which disapprove of the instruction as error recognize that whether it is ground for reversal depends on the circumstances of the particular case."); *Porter v. Price*, 11 Utah 2d 80, 355 P.2d 66, 67 (1960) ("The determination whether, in a specific instance, the probable effect of the instruction has been to mislead the jury and whether the error has been prejudicial so as to require reversal depends on all the circumstances of the case, including the evidence and the other instructions given.") (quoting *Butigan v. Yellow Cab Co.*, 49 Cal.2d 652, 320 P.2d 500, 505 (1958)).

This wide-ranging, essentially skeptical review for prejudice stems from the recognition that the instruction is essentially "duplication," *Woodhouse*, 436

P.2d at 445, or "superfluous," *Wellman v. Noble*, 12 Utah 2d 350, 366 P.2d 701, 702 (1961), and that it is not a separate legal doctrine, but rather "simply a recognition of the fact that an incident causing injury to the plaintiff does not necessarily give rise to liability in the defendant." *Anderton*, 607 P.2d at 834. Consequently, the unavoidable accident instruction may be duplicative of other instructions, but "is not prejudicial ... unless it results in the instructions given being weighted, as a whole, in favor of the defendant." *Id.* at 834. *See Woodhouse*, 436 P.2d at 445 ("the mere duplication of an idea in the instructions is not reversible error").

The record provided to us by plaintiff is not complete. Only a partial transcript has been furnished. Our record does not include closing arguments. We are thus wholly unable to gauge any undue emphasis that the defendant might have placed on the instruction. The bare instructions, as a whole, do not appear to have been weighted in favor of the defendant but rather to have been an accurate statement of the applicable law.[9] Certainly the cases make clear that the mere reading of the unavoidable accident instruction, in and of itself, is not prejudicial. Without the whole record before us, we assume the regularity of the proceedings below, especially in light of the fact that the portions before us do not indicate prejudice. *See, e.g., Jolivet v. Cook*, 784 P.2d 1148, 1150 (Utah 1989) *cert. denied*, 493 U.S. 1033, 110 S.Ct. 751, 107 L.Ed.2d 767 (1990); *Wood v. Myrup*, 681 P.2d 1255, 1257 (Utah 1984). While the instruction was not warranted in this routine case, we cannot say that the instruction, which is in essence a reemphasis of aspects of the negligence doctrine, constituted prejudicial error.

---

9. The unavoidable accident instruction in this case, quoted in note 5, was the fifteenth instruction among twenty-eight given by the trial court. The other instructions are unexceptional. Instructions 1–8 dealt with ancillary matters such as weight, credibility, and the judge's inability to comment on the evidence. Instructions 9–14 and 16 concisely stated basic negligence law, defining the duty of care and proximate cause, as well as offering guidance on particular aspects of reasonable care in the instant context. For instance, in instruction 16, the jury was told that reasonable care in this case included

[d]riving at such a speed as was safe, reasonable and prudent under the circumstances, having due regard to the width, surface and condition of the highway, the traffic thereon, the visibility, night time or day time, condition of weather and any actual or potential hazards then existing.

Instructions 17–23 dealt with damages and 24–28 with the process and procedure of jury deliberation. It does not appear that plaintiff objected to any other instruction given by the court.

## PLAINTIFF'S MOTIONS CONCERNING LIABILITY

 Plaintiff assigns error to the denial of plaintiff's motion for directed verdict and to the post-trial motion for judgment notwithstanding the verdict or in the alternative for a new trial. The crux of his argument is that the trial court should have found the defendant negligent as a matter of law because she violated traffic safety ordinances without legal excuse or justification, and the evidence of negligence is such that reasonable people would not differ on the outcome.

The verdict of a jury must stand unless "the evidence so clearly preponderates in favor of the appellant that reasonable people would not differ on the outcome of the case." *E.A. Strout Western Realty v. W.C. Foy & Sons*, 665 P.2d 1320, 1322 (Utah 1983). On appeal, it is the plaintiff's duty to "marshal all the evidence supporting the verdict" and then show that the evidence cannot support the verdict. *Hansen v. Stewart*, 761 P.2d 14, 17–18 (Utah 1988). To that end, plaintiff in this case argues defendant cannot legally justify her crossing the center line as an emergency, nor can she justify her speed of between 20 to 25 miles per hour in view of the existing conditions.[10]

This court has held that the violation of a statute is evidence of negligence but subject to justification or excuse if the evidence is such that it reasonably could be found that the conduct was nevertheless within the standard of reasonable care under the circumstances. *Gaw v. Utah Dept. of Transp.*, 798 P.2d 1130, 1135 (Utah App. 1990), *cert. denied*, unpublished order of Utah Supreme Court (Jan. 11, 1991). In the instant case, the evidence is sufficient to justify the jury's finding that defendant did not cross the center of the road as the result of unreasonable conduct under the circumstances. Furthermore, viewing the evidence in a light most favorable to defendant, the jury could reasonably conclude defendant was driving at a reasonable speed and maintained a proper lookout. The facts of this case can reasonably be interpreted to justify the jury's verdict that the plaintiff used reasonable care under the circumstances confronting her. Thus, we affirm the trial court's denial of plaintiff's motion for directed verdict and his post-trial motions.

## AWARD OF COSTS

Plaintiff alleges the trial court erroneously awarded costs for depositions, witness fees, and service and subpoena fees.[11] The nub of the argument is that defendant did not demonstrate the depositions were "reasonably necessary," as that term has been defined by Utah courts.

 Rule 54(d)(1), Utah Rules of Civil Procedure, allows "costs ... as of course to the prevailing party unless the court otherwise directs." The Utah Supreme Court has defined "costs" to encompass the expense of depositions "where they were deemed necessary to the preparation and presentation of a case." *Frampton v. Wilson*, 605 P.2d 771, 774 (Utah 1980). Deposition costs are not recoverable unless the "trial court is persuaded that they were taken in good faith and, in the light of the circumstances, appeared to be essential for the development and presentation of the case." *Id.* Deposition costs are reasonably necessary within the meaning of Rule 54(d) "only where the complex nature of the case prevents a party from completing discovery through less expensive methods such as interrogatories, requests for admission, and requests for the production of documents." *Morgan v.*

---

**10.** Defendant contends that the police report introduced into evidence indicated that defendant may have been traveling as slow as 10 mph.

**11.** The following costs were awarded:

A. Depositions:
 1. Deposition of Clifford Ames $228.50
 2. Deposition of Dr. Morrow 190.55
 3. Deposition of Carl Lewis 363.75
 4. Deposition of Dr. Sorenson 137.70
 5. Deposition of Shauna Maas 45.10

B. Witness Fees:
 1. David Sturm 17.00
 2. Nikki Huizenga 17.00
 3. Bruce Sorenson, MD 17.00
 4. Lowell Daines, MD 17.00

C. Service & Subpoena Fees: 99.04

*Morgan,* 795 P.2d 684, 687 (Utah App. 1990). The trial court's determination will not be disturbed "unless it is so unreasonable as to manifest a clear abuse of discretion." *Lloyd's Unlimited v. Nature's Way,* 753 P.2d 507, 512 (Utah App.1988).

Defendant's original verified memorandum of costs sought the costs for the depositions of eleven individuals, but the trial court, after objection by the plaintiff, carefully considered the matter and limited the recoverable costs to the depositions actually used at trial, those of the "adverse parties," and those of any expert witness the plaintiff indicated he might call. Upon reapplication, the trial court awarded defendant the costs for the five depositions that fit these criteria. Plaintiff has not shown the depositions were taken in bad faith or were not essential for the development of the case, or that the information elicited could have been obtained through less expensive means. In light of the nature of this case, we cannot say the trial court abused its discretion by allowing these deposition costs.

Viewing the trial court's award of the other costs under an abuse of discretion standard, and realizing "[t]he trial court may exercise reasonable discretion in awarding taxable costs," we see no abuse of discretion.[12] *Cornish Town v. Koller,* 817 P.2d 305, 316 (Utah 1991).

## CONCLUSION

For the foregoing reasons, the judgment appealed from is affirmed.

BENCH and BILLINGS, JJ., concur.

---

**12.** Utah Code Ann. § 21–5–8 permits witness fees paid in civil actions to be taxed against the losing party. Plaintiff argues, however, that the witness fees were inappropriate because the witnesses were not called by the defendant and it would "clearly seem necessary that the witness actually be called to testify."

There is no legal rule which requires witnesses to testify before witness fees may be taxed to the losing party. In *Cole v. Ducheneau,* 13 Utah 42, 44 P. 92 (1896), the Supreme Court stated:

We do not think that a party is necessarily precluded from taxing costs for his witnesses because they were not sworn in the case. If a party subpoenas his witnesses in good faith, and they attend court in compliance with such subpoena, he is entitled to tax as costs the fees for such witnesses, unless it is made to appear that an unnecessary number of witnesses were brought into court, for the purpose of unnecessarily increasing the costs as a punishment to the opposite party.

*Id.* 44 P. at 93–94.