Melvin LAWS, Plaintiff and Appellant,

v.

BLANDING CITY, Defendant
and Appellee.

No. 940415–CA.

Court of Appeals of Utah.

April 4, 1995.

Darwin C. Fisher (Argued), Fisher, Scribner, Moody & Stirland, Provo, for appellant.

Gary B. Ferguson (Argued), Williams & Hunt, Salt Lake City, for appellee.

Before BILLINGS, DAVIS, and ORME, JJ.

OPINION

BILLINGS, Judge:

Melvin Laws (Plaintiff) challenges a jury verdict that Blanding City (Defendant) was not negligent in the construction and maintenance of the Blanding City Dump. We reverse and remand.

## FACTS

After falling from a dumping platform at the Blanding City Dump, Plaintiff initiated this action against Defendant, alleging his injuries were caused by Defendant's negligence in the construction and maintenance of the dump. The case was tried to a jury in February 1994. Prior to trial, Plaintiff and Defendant submitted to the trial court their respective requested jury instructions. At the close of the parties' presentation of evidence and outside the presence of the jury, the trial judge gave counsel a copy of the instructions he proposed to give and returned the parties' requested jury instructions to them with his notations as to which would be given and which would not. Plaintiff took exception to the court's proposed Instruction No. 17, which set forth the duty Defendant owed Plaintiff. The court overruled the objection.

Thereafter, the court charged the jury as proposed, and the jury returned a verdict that Defendant was not negligent. Plaintiff appeals, contending the trial court committed prejudicial error in giving Instruction No. 17.[1]

## STANDARD OF REVIEW

■ Determining the propriety of jury instructions presents a question of law, which we review under a correction of error standard. *Ames v. Maas*, 846 P.2d 468, 471 (Utah App.1993). We review jury instructions in their entirety to determine whether the instructions, taken as a whole, fairly instruct the jury on the applicable law. *Id.* "We reverse a trial court's decision on the basis of an instruction improperly submitted to the jury only where the party challenging the propriety of the instruction 'demonstrates prejudice stemming from the instructions viewed in the aggregate.'" *Id.* (quoting *State v. Haston*, 811 P.2d 929, 931 (Utah App.1991), *rev'd on other grounds*, 846 P.2d 1276 (Utah 1993)).

## ANALYSIS

■ In support of his claim of error, Plaintiff argues that Instruction No. 17 is an incomplete and misleading statement of Defendant's duty.[2]

Instruction No. 17 reads in its entirety:

Blanding City is subject to liability for physical harm caused to Melvin Laws by a dangerous condition at the Blanding City Dump if, but only if, Blanding City (a) knew of the dangerous condition or by the exercise of reasonable care should have discovered the dangerous condition, and

---

1. Because we reverse on this claim of error, we do not reach Plaintiff's additional claim of error, namely, that the trial court abused its discretion by excluding Plaintiff's expert witness in order to sanction Plaintiff for noncompliance with a scheduling order. We note, however, that the reasons for the trial court's sanction would seem to disappear on remand.

2. At oral argument, Defendant raised for the first time the issue of waiver, claiming Plaintiff did not adequately object to Instruction No. 17 and therefore cannot now complain about its insufficiency. Pursuant to our rules of civil procedure, "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto. In objecting to the giving of an instruction, a party must state distinctly the matter to which he objects and the grounds for his objection." Utah R.Civ.P. 51; *see also Shurtleff v. Jay Tuft & Co.*, 622 P.2d 1168, 1175 (Utah 1980) (holding defendant's assignment of error failed because, in taking exception to instruction, defendant had not specified claimed error); *Van-Dyke v. Mountain Coin Mach. Distribs., Inc.*, 758 P.2d 962, 964 (Utah App.1988) ("If a party fails to object to a jury instruction, the objection is deemed waived on appeal.").

In the present case, our review of the record reveals that the parties and the trial court, pursuant to Defendant's motion for directed verdict, discussed at length the proper standard of care with which to charge the jury. Defendant argued that "if the hazard is open and obvious and the type that Blanding City reasonably would believe people would avoid, then Blanding City has no duty to do anything." Plaintiff, on the other hand, argued that "there is a duty on the part of government to ... take reasonable care to ... ensure the safety of those that use their facilities, in this case, the dump." Moreover, Plaintiff submitted requested instructions to the court which, although not a perfect statement of the applicable duty, omitted the portion of Instruction No. 17 about which he now complains. When Plaintiff took exception to the trial court's proposed instructions, he referenced the prior discussion, as well as his proffered instructions, and the trial court overruled the exception "for the reasons stated[ ] when I ruled on the motion for directed verdict." We thus conclude that Plaintiff has properly preserved this claim.

should have realized that the dangerous condition involves an unreasonable risk of harm to Melvin Laws, and (b) should expect that Mel[vin] Laws will not discover or realize the danger or would fail to protect himself against it, and (c) Blanding City then failed to exercise reasonable care to protect Melvin Laws from the dangerous condition.

Plaintiff asserts that subsection (b), which refers to whether Plaintiff should have realized the danger or protected himself against it, creates the misleading impression that if Plaintiff did not do so, Defendant's duty is abrogated.

Jury Instruction No. 17 is taken substantially verbatim from the Restatement (Second) of Torts § 343 (1965), which delineates the duty a possessor of land owes to an invitee. Plaintiff concedes section 343 is a correct statement of Defendant's duty, but argues that it is not a complete statement of that duty and must be read together with section 343A.

We agree. The correct statement of the duty Defendant, a possessor of land, owed Plaintiff, an invitee, is contained in sections 343 *and* 343A of the Restatement. *See* Restatement (Second) of Torts § 343 cmt. a (1965) ("This Section should be read together with § 343A, which deals with the effect of the fact that the condition is known to the invitee, or is obvious to him, as well as the fact that the invitee is a patron of a public utility."); *English v. Kienke*, 848 P.2d 153, 156 (Utah 1993) (stating duty of possessor of land to invitee is set forth in § 343 *and* § 343A).

Section 343A reads, in its entirety:

(1) A possessor of land is not liable to his invitees for physical harm caused to them by an activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, *the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating the harm should be anticipated.*

Restatement, *supra*, § 343A (emphasis added). Comment f to section 343A reads:

There are ... cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect ... that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk.... It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.

*Id.* cmt. f. Further, comment g states:

In determining whether the possessor of land should expect harm to invitees notwithstanding the known or obvious character of the danger, the fact that premises have been held open to the visitor, and that he has been invited to use them, is always a factor to be considered, as offering some assurance to the invitee that the place has been prepared for his reception, and that reasonable care has been used to make it safe. *There is, however, a special reason for the possessor to anticipate harm where the possessor is a public utility, which has undertaken to render services to members of the public, so that they are entitled to demand the use of its facilities, and to expect reasonable safety while*

*using them. The same is true of the government, or a government agency, which maintains land upon which the public are invited and entitled to enter as a matter of public right. Such defendants may reasonably expect the public, in the course of the entry and use to which they are entitled, to proceed to encounter some known or obvious dangers which are not unduly extreme, rather than to forego the right.*

*Id.* cmt. g (emphasis added).

■ We hold that the trial court erred in giving Instruction No. 17 to the jury as it is an incomplete and thus misleading statement of Defendant's duty. Plaintiff has the right to have his theory of the case presented to the jury in a clear and understandable way, and the trial court has a duty to instruct the jury on the applicable law. *Ames,* 846 P.2d at 471. Section 343A substantially clarifies the duty Defendant, as both a public utility and a government entity, owes Plaintiff, a member of the public for whom the land Defendant possesses is held open. It also relates precisely to Plaintiff's theory of the case, which is that Plaintiff, who resides outside a public garbage pickup area and is required by ordinance to dispose of his garbage himself (or subscribe to a garbage pickup service), had no choice but to approach the thirty-foot precipice at the dump in order to throw his garbage over it. In these circumstances, Plaintiff claims, Defendant had a duty to protect Plaintiff because it should have known that a reasonable person would, recognizing the danger, nevertheless encounter it. *See Donahue v. Durfee,* 780 P.2d 1275, 1278 (Utah App.1989).

Moreover, we disagree with Defendant that the proffered comparative negligence instruction, together with the special verdict form, cured the deficiency in Instruction No. 17. If the jury determined that Defendant owed no duty of reasonable care to Plaintiff based on the incomplete statement of duty found in Instruction No. 17, then neither the comparative negligence instruction nor the special verdict form would have been helpful. "[T]here would be no negligence to compare—and, therefore, no recovery" if Defendant's duty were erroneously excused because the danger is known or obvious. *See id.* at 1279. We conclude that the instructions as a whole inadequately presented the law with respect to Defendant's duty of care and undermined Plaintiff's ability to present his theory of the case to the jury.

■ We must next determine whether the error was prejudicial. To require a new trial, we must conclude not only that the trial court erred, but that the error was prejudicial, that is, "that it 'tend[ed] to mislead the jury to the prejudice of the complaining party or insufficiently or erroneously advise[d] the jury on the law.'" *Summerill v. Shipley,* 890 P.2d 1042, 1044 (Utah App.1995) (quoting *Biswell v. Duncan,* 742 P.2d 80, 88 (Utah App.1987)). Moreover, the jury's application of an erroneous duty owed by a defendant to a plaintiff is, in all but the clearest cases, necessarily prejudicial. *Id.* at 1045.

We have in this case an unusual insight into the jury's deliberative process. Midway through deliberations, the jury asked the trial court the following question: "Judge, the majority of us feel that both parties are at fault to some extent. Therefore, would it be allowable to compensate Mr. Laws a monetary amount for pain and suffering incurred for his injuries? If so, how can we go about this?" After conferring with counsel on both sides, the court sent back the following response: "The answer to this question is in the jury instructions and the special verdict form." The jury thereafter returned with a verdict. In response to special verdict question no. 1—"Was the defendant, Blanding City, negligent as alleged by the plaintiff?"— the jury stated, curiously in view of their inquiry, "No."

Given these facts, we cannot say the jury was not misled by Instruction No. 17's incomplete statement of Defendant's duty. Rather, Instruction No. 17 may well have led the jury to erroneously conclude that, because Plaintiff should have realized the dangerous condition at the dump and protected himself against it, Defendant owed Plaintiff no duty of care. Accordingly, we conclude that Plaintiff was prejudiced, and we reverse and remand for a new trial.

DAVIS and ORME, JJ., concur.