2001 UT 71

**REGAL INSURANCE COMPANY, a DIVISION OF WINDSOR GROUP, INC., Plaintiff and Appellee,**

v.

**Laurie BOTT, Evan Bott, and the Estate of Jesse Bott, Defendants and Appellants.**

**No. 20000101.**

Supreme Court of Utah.

Aug. 10, 2001.

Kirk Gibbs, T.J. Tsakalos, Salt Lake City, for plaintiff.

Steven B. Smith, Darwin H. Bingham, Salt Lake City, for defendants.

WILKINS, Justice:

¶1 Plaintiff Regal Insurance Company, Inc. (Regal), filed suit against defendants, Laurie and Evan Bott (the Botts) and the estate of Jesse Bott, seeking a declaratory judgment regarding the benefits due the heirs or estate of the Botts' deceased son, Jesse, under the personal injury protection (PIP) provisions of the Utah motor vehicle insurance code. Specifically, Regal asked the district court to determine that the PIP benefits for lost income and household ser-

vices applied only to an injured but surviving person, and not to the heirs or estate of a deceased person who died instantly in an automobile accident. The district court granted Regal's motion for summary judgment. We affirm.

## BACKGROUND

¶2 In reviewing a grant of summary judgment, we review the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See, e.g., Jensen v. IHC Hospitals, Inc.,* 944 P.2d 327, 328 (Utah 1997). In this case, the parties stipulated to the facts presented to the district court. We recite the facts accordingly.

¶3 In November 1998, Jesse Bott was killed instantly in a single-car rollover while riding as a passenger in a car operated by Jason L. Allen. Allen's car was insured under a policy issued by Regal. The policy was issued in Utah and was therefore required to comply with Utah's motor vehicle insurance code providing the coverage described in those statutory provisions. *See* Utah Code Ann. §§ 31A–22–301 to –315 (1994 & Supp. 2000).

¶4 In December 1998, Regal paid the Botts, as the parents and sole heirs of Jesse's estate, the $1500 funerary benefit and the $3000 survivor benefit due under the PIP provisions of the policy. In February 1999, Regal paid the Botts the $25,000 bodily injury liability limit under other provisions of the policy.

¶5 Because Jesse had been living with his parents prior to the accident, the Botts also submitted a claim pursuant to section 31A–22–307(1)(b)(i) of the Utah Code, seeking the maximum PIP benefit for lost income resulting from Jesse's inability to work, and compensation for lost household services pursuant to section 31A–22–307(1)(b)(ii) of the Utah Code.[1] Regal denied payment on both claims and initiated this declaratory judgment action. Both sides moved for summary judgment. The district court granted Regal's motion. Defendants appeal.

---

1. Both the lost income and household services benefits provided for in the Regal policy are PIP benefits required by statute. *See* Utah Code Ann. § 31A–22–307(1)(b)(i) & (ii)(1999).

## STANDARD OF REVIEW AND ISSUES RAISED

¶ 6 Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(c). We review the district court's order granting Regal's motion for summary judgment for correctness without deference to the district court's legal determinations. *See Rawson v. Conover*, 2001 UT 24, ¶ 25, 20 P.3d 876.

¶ 7 The Botts raise two issues on appeal. First, they argue that the district court misinterpreted the statute and incorrectly excluded the benefits they seek from those required by the statute to be paid to heirs and estates. Second, they claim that even if not mandated by the statute, the actual language of Regal's insurance policy requires payment to them in this instance. We consider each issue in turn.

## ANALYSIS

### I. PIP BENEFITS TO HEIRS AND ESTATES UNDER THE STATUTE

¶ 8 The Botts first urge that Utah's PIP statute requires that lost income and household services benefits be paid to the heirs and estate of a covered person killed instantly in an automobile accident. This question turns on the interpretation of section 31A–22–307(1) of the Utah Code. That section, in relevant part, provides:

(1) Personal injury protection coverages and benefits include:

(a) the reasonable value of all expenses for necessary medical, surgical, X-ray, dental, rehabilitation, including prosthetic devices, ambulance, hospital, and nursing services, not to exceed a total of $3,000 per person;

(b)(i) the lesser of $250 per week or 85% of any loss of gross income and loss of earning capacity per person from inability to work, for a maximum of 52 consecutive weeks after the loss, except that this benefit need not be paid for the first three days of disability, unless the disability continues for longer than two consecutive weeks after the date of injury; and

(ii) a special damage allowance not exceeding $20 per day for maximum of 365 days, for services actually rendered or expenses reasonably incurred for services that, but for the injury, the injured person would have performed for his household, except that this benefit need not be paid for the first three days after the date of injury unless the person's inability to perform these services continues for more than two consecutive weeks;

(c) funeral, burial, or cremation benefits not to exceed a total of $1,500 per person; and

(d) compensation on account of death of a person, payable to his heirs, in the total of $3,000.

Utah Code Ann. § 31A–22–307(1)(1999).

¶ 9 The Botts argue that the plain language of the statute requires that all five of the above-described categories of benefits be paid to all claimants covered by the PIP statutes, regardless of whether or not the individual dies instantly in the accident. As heirs to Jesse's estate, the Botts contend they should be paid all five classes of benefits. They reason that the conjunctive "and" included between subsections (c) and (d), and the absence of a disjunctive "or" following subsection (b)(ii), indicate legislative intent to mandate the payment of all benefits to the estate and heirs in the event of the claimant's death; and further, that fairness and equity require lost income and household services benefits to be paid to the Botts, who have been deprived of Jesse's income and household services.

¶ 10 This court's primary responsibility in construing legislative enactments is to give effect to the legislature's underlying intent according to the statute's plain language. *DOIT, Inc. v. Touche, Ross & Co.*, 926 P.2d 835, 843–44 (Utah 1996). In order to ascertain "the meaning of statutory language, we look to the background and general purpose of the statute." *Versluis v. Guar. Nat'l Cos.*, 842 P.2d 865, 867 (Utah 1992) (citing *Jamison v. Utah Home Fire Ins. Co.*, 559 P.2d 958, 959 (Utah 1977)).

¶ 11 The general purpose of the PIP statutes is to ensure that insurance com-

panies provide immediate minimal benefits for covered individuals in automobile accidents in order to equitably and effectively handle the greater bulk of personal injury claims arising out of automobile accidents. *See id.* PIP benefits are intended to provide immediate compensation without having to bring a lawsuit for out-of-pocket expenses and actual loss of earnings that are incurred as a result of an accident. *Id.* However, this does not mean that a covered individual is entitled to all five categories of PIP benefits described in section 31A–22–307. Such an interpretation of the statute would, for instance, produce the obviously unintended result of providing funerary and survivor benefits to an injured individual who is still living. Rather, the statute limits the benefits a living person may receive to health care expenses, lost income, and household services compensation. Thus, mandatory coverage does not mean mandatory payment of all possible benefits.

¶ 12 The statute clearly contemplates separate compensatory benefits for those injured yet still alive, and the heirs and estates of decedents killed instantly in an automobile accident. The language and scheme of the statute provide that the heirs and estates of those instantly killed in automobile accidents are limited, for purposes of PIP benefits, to the funerary and survivor benefits under section 31A–22–307(1)(c) and (d), plus any actually incurred medical expenses pursuant to part (a). Further, the statute specifically identifies part (d) as "compensation on account of death ... payable to his heirs." We presume the legislature uses each term advisedly and according to its ordinary meaning. *West Jordan v. Morrison,* 656 P.2d 445, 446 (Utah 1982). Clearly, part (b) contemplates compensation for disability, not death. Had the legislature contemplated further compensation to the heirs or the estate of the covered decedent from PIP benefits, it could have included language to that effect in the statute. However, it did not designate further payment to the heirs or estate, and as a result there are no PIP benefits for lost income or household expenses payable to Jesse Bott's heirs or estate.

¶ 13 The district court was correct in interpreting the language of section 31A–22–307 to limit PIP benefits payable to the heirs and estate of a person otherwise covered by PIP benefits but killed instantly in an accident to exclude lost income and household services.

## II.  POLICY BENEFITS

¶ 14 As an alternative argument, defendants contend that even if Regal is not required by statute to provide lost income and household services benefits, the insurance policy requires Regal to do so. Defendants argue that the terms concerning work loss benefits in Regal's insurance policy are ambiguous, and when interpreted in favor of the insured, require Regal to pay benefits for lost wages. They also argue that the policy unambiguously requires payment for lost household services. Regal counters that the question of policy language was not presented to the district court, and is raised for the first time on appeal.

¶ 15 We have carefully reviewed the record. Although the policy provisions were mentioned below, the suggestion of deciding the case based on an interpretation of the policy, as opposed to the statute, was never presented to nor acted upon by the district court. As a result, we will not consider the matter further on appeal. *See Stewart v. Utah Pub. Serv. Comm'n,* 885 P.2d 759, 781 (Utah 1994) ("The general rule is that an issue may not be presented to an appellate court that was not first presented to a lower tribunal.").

## CONCLUSION

¶ 16 The district court was correct. Section 31A–22–307 does not require payment of lost income or cost of household services benefits to the estate or heirs of a covered person instantly killed in an automobile accident.

¶ 17 Affirmed.

¶ 18 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.