2005 UT 24

**John D. HALE, Plaintiff and Petitioner,**

**v.**

**Kurt BECKSTEAD and John Does I through V, Defendants and Respondent.**

**No. 20030641.**

Supreme Court of Utah.

April 12, 2005.

Aaron J. Prisbrey, Elizabeth B. Grimshaw, St. George, for petitioner.

Brent M. Brindley, St. George, for respondent.

WILKINS, Associate Chief Justice:

¶ 1 Plaintiff John Hale appeals the court of appeals' decision to affirm a grant of summary judgment in favor of defendant Kurt Beckstead in Hale's premises liability action. Hale brought suit against Beckstead to recover for injuries he sustained when he fell from an unprotected balcony while painting the interior of Beckstead's semiconstructed home. The district court granted summary judgment to Beckstead, reasoning that the defendant owed no duty of care to Hale because the danger the unprotected balcony posed was open and obvious. The court of appeals affirmed, also citing the Second Restatement of Torts sections 343 and 343A as barring recovery. Hale now appeals to this court. We reverse and remand for further factual determination.

## BACKGROUND

¶ 2 When reviewing a grant of summary judgment, we are to " 'review the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.' " *Houghton v. Dep't of Health,* 2002 UT 101, ¶ 2, 57 P.3d 1067 (quoting *Regal Ins. Co. v. Bott,* 2001 UT 71, ¶ 2, 31 P.3d 524). The court of appeals adhered to this principle in its opinion below. *See Hale v. Beckstead,* 2003 UT App 240, ¶ 2, 74 P.3d 628. We thus recite the facts as the court of appeals presented them.

¶ 3 Beckstead, acting as his own general contractor, hired Hale to paint the interior of his semiconstructed home in Santa Clara, Utah in 1996. Beckstead purchased the paint supplies and indicated generally how he wanted the paint to look, but otherwise exercised no control over the manner in which Hale was to accomplish the job for which he was hired. Because the house was still under construction, a railing had not been installed on the second floor balcony. While painting one day, Hale was injured when he accidentally stepped off the second floor balcony and fell to the floor below.

¶ 4 Hale filed suit against Beckstead in the Fifth District Court for Washington County, alleging negligence based on principles of premises liability. The district court granted summary judgment in favor of Beckstead, reasoning that Beckstead bore no duty of care to Hale because "any danger posed to [Hale] by the condition of [Beckstead's] partially-completed home was open and obvious to [Hale]." *Hale,* 2003 UT App 240 at ¶ 7, 74 P.3d 628 (alterations in original) (internal quotations omitted).

¶ 5 The court of appeals affirmed the trial court. *Id.* at ¶ 1. It concluded that the open and obvious danger rule, as embodied in the Second Restatement of Torts, was the applicable law governing landowners' duties to invitees. Though the court of appeals felt that its prior decision in *Donahue v. Durfee,* 780 P.2d 1275 (Utah Ct.App.1989), had abolished the rule in Utah as contrary to principles of comparative fault theory, it reasoned that this court's decision in *House v. Armour of America Inc.,* 929 P.2d 340 (Utah 1996), reinstated the rule that *Donahue* had abandoned. *Hale,* 2003 UT App 240 at ¶ 9, 74 P.3d 628 n. 1.

¶ 6 After applying the rule to the case at bar, the court of appeals affirmed the grant of summary judgment, reasoning that the danger the balcony presented was open and obvious and that Beckstead had no reason to anticipate that Hale would suffer injury despite the obviousness. *Id.* at ¶ 24. Hale appealed the decision to this court.

## ANALYSIS

### I. UTAH'S COMPARATIVE FAULT SYSTEM RECOGNIZES THE OPEN AND OBVIOUS DANGER RULE

¶ 7 The duty of care that possessors of land in Utah owe to invitees upon their property is set forth in sections 343 and 343A of the Second Restatement of Torts. *See English v. Kienke,* 848 P.2d 153, 156 (Utah 1993) (applying sections 343 and 343A of the Restatement to determine the duty a possessor of land owes to invitees in a premises liability action). While often referred to as the "open and obvious danger rule," the

Restatement provisions are actually substantially different from the old common law rule governing landowner liability bearing the same name.[1] Use of the same phrase to refer to the two separate doctrines has created some confusion in this area of the law that we seek to clarify in this opinion. As the common law rule is no longer operative in Utah, any reference in this opinion to the "open and obvious danger rule" is simply a reference to Restatement sections 343 and 343A, not the common law doctrine that the Restatement replaced.

¶ 8 Thus, the applicable law is found in sections 343 and 343A, comprising Title E, "Special Liability of Possessors of Land to Invitees." Title E, as its name indicates, simply defines the duty of care a landowner owes to invitees on his property, and is broken into two sections that must be read together. *See* Restatement (Second) of Torts § 343, cmt. a (1965) ("This section should be read together with § 343A."). Section 343, "Dangerous Conditions Known to or Discoverable by Possessor," reads:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, *and* (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, *and* (c) fails to exercise reasonable care to protect them against the danger.

*Id.* § 343 (emphasis added).

¶ 9 Section 343A, entitled "Known or Obvious Dangers," reads:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

> (2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

*Id.* § 343A.

¶ 10 Deciding whether the court of appeals properly affirmed the summary judgment motion in favor of Beckstead requires us to determine how the language in these two sections is to be applied in light of our comparative negligence system. As to this issue, the parties urge differing conclusions.

¶ 11 Hale contends that the rule has been abolished in Utah to the extent that it operated as an absolute bar to recovery, but that it remains viable as a factor to be considered in determining the duty of care owed. In support of his argument, Hale cites the court of appeals' prior premises liability decision in *Donahue v. Durfee,* where the court stated that "the Utah Legislature has by necessary implication abolished the open and obvious danger rule as an absolute bar to ... recovery." 780 P.2d 1275, 1279 (Utah Ct.App. 1989).

¶ 12 While Hale does not claim to be wholly free from blame in injuring himself, he argues that the court of appeals' decision improperly relieved Beckstead of all liability simply because Hale bore a portion of fault in the accident. The court of appeals' reasoning, Hale argued, contravened comparative fault principles that should have guided that court's analysis of the open and obvious danger rule.

¶ 13 Beckstead, on the other hand, argues that the Restatement rule can, in some circumstances, fully absolve a defendant from liability by serving as a complete defense to a negligence charge. He argues that this court overturned *Donahue's* "sweeping" abolition of the rule as an absolute bar to recovery when we decided *House v. Armour of*

---

1. Under the common law rule, the presence of an open and obvious danger acted as an absolute bar to an injured invitee's recovery. The Restatement rule, however, is different in two ways. First, it defines the duty of care landowners owe; it does not excuse failure to comply with that duty because of the obviousness of a danger. Second, it includes a number of exceptions that allow an invitee to recover under certain circumstances.

*America Inc.,* 929 P.2d 340 (Utah 1996). There, we ruled that, in products liability actions, the obviousness of a danger that is inherent in a product and that cannot be economically alleviated can act as a complete bar to a plaintiff's recovery. *Id.* at 344. Under *House,* Beckstead argues, Hale is barred from any recovery for his injuries.

¶ 14 The court of appeals properly determined that "the open and obvious danger rule, as outlined in sections 343 and 343A of the Restatement, is the applicable law in this case." *Hale,* 2003 UT App 240 at ¶ 11, 74 P.3d 628. The court also appropriately characterized the rule as one that defines the duty of care a landowner owes an invitee. *Id.* at ¶¶ 12–13. Further, the court below did not simply apply the Restatement as an absolute bar to recovery, but instead explored the instances in which a landowner owes a duty of care despite the obviousness of a danger to determine whether Hale could recover. *Id.* at ¶ 15. Though we conclude that the court prematurely dismissed Hale's case, we ratify its invocation of the Restatement as the proper rule to apply here.

¶ 15 We are concerned, however, that the court of appeals' reason for invoking the Restatement demonstrates a confusion in the law that we feel we must clarify. The court concluded that the Restatement governed the instant action essentially because this court reinstated the rule, purportedly abandoned in *Donahue,* when we decided *House. See Hale,* 2003 UT App 240 at ¶ 9, 74 P.3d 628 n. 1 ("[W]e conclude that *Donahue* has since been overruled sub silento [sic] by our supreme court."). We take this opportunity to address the status of *Donahue* and explain the application of the open and obvious danger rule in landowner liability cases.

¶ 16 In *Donahue,* the court of appeals stated that the common law version of the open and obvious danger rule was incompatible with a comparative fault tort system. *Donahue,* 780 P.2d at 1279. The court further concluded that the Restatement rule was a modification of the common law rule, but was still a child of the contributory fault scheme, and not sufficiently altered from the original to survive the adoption of the comparative fault system. *Id.* at 1278–79. Specifically,

the court rejected the duty-defining capacity of the Restatement rule, holding that " 'deeming ... the invitee's voluntary encounter with a known or obvious danger to excuse the landowner's duty' " would effectively and impermissibly " 'resurrect contributory negligence as an absolute bar to recovery.' " *Id.* (quoting *Keller v. Holiday Inns,* 105 Idaho 649, 671 P.2d 1112, 1118–19 (Idaho Ct.App.1983)).

■ ¶ 17 Instead, the court of appeals decided, the open and obvious nature of a danger is just one factor to be considered in determining whether a landowner breached a duty of care. *Donahue,* 780 P.2d at 1280. *Donahue* barred Utah courts' use of the Restatement sections 343 and 343A in a duty-defining capacity, *id.* at 1279, despite the plain language of these Restatement sections. As we have already stated and explain in further detail below, Utah law does adopt the Restatement's definition of a landowner's duty to invitees upon his property. To the extent that *Donahue* implied otherwise, it is hereby overruled.

¶ 18 Our opinion in *House* has no bearing on the instant case. We granted certiorari in *House* to clarify the possible suggestion that Utah had " 'abandoned' the open and obvious danger rule in all circumstances," and to explain that the products liability version of the rule, Restatement (Second) of Torts § 402A, still operated in products liability actions. *House,* 929 P.2d at 343–44. *Donahue,* on the other hand, addressed landowner duties to invitees. 780 P.2d at 1277. Though the two cases share some common themes, the breach alleged in *House* arose out of a wholly separate duty found in a wholly separate section of the Restatement. *See House,* 929 P.2d at 343 (discussing section 402A of the Second Restatement of Torts). Our ruling in such a distinct case necessarily has no bearing on our premises liability jurisprudence. Instead of relying on *House* for the proposition that the Restatement is the applicable law, we base our conclusion on careful analysis of both the rule itself and Utah's comparative fault scheme.

¶ 19 Familiarity with Utah's comparative fault system is necessary to understanding how the open and obvious danger rule oper-

ates in Utah landowner liability law. Utah abandoned its contributory negligence tort scheme in favor of a comparative fault theory of tort liability when the state legislature enacted the Utah Comparative Negligence Act in 1973. *See* Utah Code Ann. §§ 78–27–38 to –40 (2002). Under the prior approach, a person who bore any portion of fault, no matter how slight, for his own injuries was barred from recovering against the primary tortfeasor.

¶ 20 Under the comparative fault system now in effect, on the other hand, "[t]he fault of a person seeking recovery shall not alone bar recovery by that person." *Id.* § 78–27–38(1). This comparative fault scheme allows an injured party to seek recovery against any defendant whose fault exceeds his own. *Id.* § 78–27–38(2). The amount the plaintiff can recover is proportionate to the percentage of fault attributed to the defendant. *Id.* § 78–27–40(1).

■ ¶ 21 In adopting this approach, the legislature has necessarily disavowed any tort theory of recovery inconsistent with comparative fault apportionment principles. Thus, the doctrine of "assumption of risk," whereby a defendant is not liable for his negligence toward a plaintiff who has "voluntarily assume[d] a risk of harm arising from [the defendant's] negligent ... conduct," is no longer recognized in Utah as a total bar to recovery. Restatement (Second) of Torts § 496A; *see, e.g., Stephens v. Henderson,* 741 P.2d 952, 955 (Utah 1987) (holding that assumption of risk language is inappropriate in jury instructions under a comparative fault scheme). The assumption of risk doctrine is a defendant's affirmative defense to acknowledged negligence in a contributory negligence system; since fault-sharing no longer absolutely bars a plaintiff's recovery, neither does this affirmative defense.

■ ¶ 22 Another doctrine arising from the contributory fault system, "last clear chance," is likewise no longer a complete bar to a plaintiff's recovery. *See Dixon v. Stewart,* 658 P.2d 591, 598 (Utah 1982). This doctrine is best characterized as a plaintiff's affirmative defense to a charge of contributory negligence. Under this doctrine, a plaintiff who is guilty of contributory negligence

may overcome the absolute bar to his recovery as long as the defendant had the last opportunity to remedy the danger or otherwise thwart the harm to the plaintiff. *See* Restatement (Second) of Torts § 479. Since the adoption of our comparative fault system, however, the doctrine is used as just one of many factors juries can look to in apportioning fault under the comparative fault scheme. *See Dixon,* 658 P.2d at 598 n. 7.

¶ 23 The Restatement version of the open and obvious danger rule also does not act as a complete bar to the recovery of a plaintiff injured as a result of another's negligence. This is so because the Restatement sections 343 and 343A, unlike the affirmative defenses discussed above, defines the duty of care a possessor of land owes to invitees. It does not excuse negligence; it defines it. Where an invitee is injured by a condition on land from which the possessor did not owe a duty to protect the invitee, the possessor commits no negligence. Thus, the rule does not operate to allow a landowner to act negligently and remain free from liability so long as his negligence was obvious to those who were injured thereby. Instead, it is a duty-defining rule that simply states that, under appropriate circumstances, a landowner's duty of care might not include warning or otherwise protecting visitors from obvious dangers.

■ ¶ 24 Though the distinction between excusing acknowledged negligence and defining a narrow duty of care may be subtle, we find it nonetheless important. Where there is no duty, there is no fault to compare or distribute under the comparative fault scheme.

¶ 25 Even so, the Restatement still does not absolutely bar a party from recovering for injuries sustained from an open and obvious danger in all circumstances. The Restatement does not so strictly define a landowner's duty as to eliminate any duty to protect or warn his invitees of obvious dangers. Under section 343, if a landowner "should expect that [an invitee] will ... fail to protect [himself] against [a dangerous condition]," the landowner must exercise reasonable care to protect him. Restatement (Second) of Torts § 343(b), (c). Again, under

section 343A, a landowner has a duty to protect his invitees from obviously harmful conditions or activities on the property if the landowner "should anticipate the harm" despite the obvious nature of the danger. *Id.* § 343A(1).

¶ 26 Where an "invitee's attention may be distracted, such that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it," a possessor of land may be liable for breaching his duty of care if he fails "to warn ... or to take other reasonable steps to protect [the invitee]." *Id.* § 343A cmt. 1(f). A possessor of land may also be liable for injuries an invitee sustains if the possessor has reason to believe that "the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Id.* While the invitee may also share responsibility for his injuries, he may still recover from the defendant in proportion to the defendant's fault. Importantly, the invitee's negligence is "not ... conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances." *Id.*

¶ 27 Thus, possessors of land may still be liable for injuries that obvious harms cause to invitees. The obviousness of the danger is an important factor in the analysis of whether defendant breached a duty but is not always dispositive. Tort law requires individuals to take reasonable care under the circumstances. *See id.* §§ 282, 283. The open and obvious danger rule in particular simply defines the reasonable care that possessors of land must show toward invitees. Under that definition, a possessor of land must protect invitees against dangers of which they are unaware, may forget, or may

reasonably encounter despite the obviousness of the danger.

¶ 28 It may be argued that allowing a dangerous condition, whether obvious or not, to exist or arise at all upon one's property is itself the negligent conduct. But the law simply does not define landowners' duties that way. Instead, the law allows possessors of land to maintain open and obvious dangers on their property, and to remain free from liability for injuries incurred thereby, so long as the condition does not fall within a separate category of negligence or an exception to sections 343 or 343A.[2]

¶ 29 To read negligence into every instance in which an obvious danger is allowed to remain on one's own property would impose upon private homeowners and property owners a cumbersome burden, indeed, to ensure that their homes and yards are perfectly clear from all obvious and potentially injury-producing circumstances. Regardless of which standard of care is most judicious to impose upon possessors of land, however, the fact remains that the law does not impose this burden.

¶ 30 Instead, the law simply requires owners to take reasonable steps to protect invitees. This duty does not require that landowners fully remedy potentially unsafe conditions, only that landowners adequately warn invitees about such dangers. Where the danger is so obvious such that no warning is necessary to alert an invitee, the possessor of land is not required to give the warning anyway unless other circumstances, discussed above, warrant.

¶ 31 The rule varies in stringency depending upon the nature of the invitee and the nature of the possessor of land.[3] Nothing

---

2. For example, a possessor of land may be liable for negligently maintaining an open and obvious danger that constitutes an attractive nuisance. Other exceptions that can qualify the maintenance of an open and obvious danger as negligence are found both in sections 343 and 343A and in other sections of the Restatement.

3. The comments in the Restatement provide a full discussion of how the duty varies depending on the nature of the entities involved. The fact that an invitee properly entered property held open to the public, such as a store, or "is entitled

to make use of public land, or of the facilities of a public utility," is an important factor in determining whether the defendant breached its duty. Restatement (Second) of Torts § 343A(2); *see, e.g., Laws v. Blanding City,* 893 P.2d 1083, 1086 (Utah Ct.App.1995) (holding that, where the defendant is both a public utility and a government entity, it had a duty to protect citizens from the dangerous condition the city dump presented because it should have known that a reasonable person would encounter the danger).

the legislature has done in abolishing the contributory negligence scheme dictates that we must modify those duties now. The court of appeals properly characterized the open and obvious danger rule, but because we disagree as to the application of the law, we must reverse.

## II. SUMMARY JUDGMENT WAS PREMATURELY GRANTED

¶ 32 We now turn to the issue of whether summary judgment was properly granted in this case. We hold that it was not. As the court of appeals recognized, the Restatement rule requires an inquiry into whether factors existed to vest in the defendant a duty to warn or otherwise protect the plaintiff from an obvious harm. *Hale*, 2003 UT App 240 at ¶¶ 15–16, 74 P.3d 628. Because these facts were not developed below, the grant of summary judgment was premature.

¶ 33 As a preliminary matter, we agree that Hale enjoyed the status of "business invitee" while upon Beckstead's property. *See id.* at ¶ 9. According to the Second Restatement of Torts, the status of invitee includes "business visitor[s] . . . who [are] invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Restatement (Second) of Torts § 332(3). The Restatement clarifies that this definition includes "a workman who comes to make alterations or repairs on land used for residence purposes." *Id.* § 332(3) cmt. e. Hale undoubtedly qualifies under this section.

¶ 34 Hale's status thus invokes sections 343 and 343A in defining Beckstead's duty of care. As discussed above, and as the court of appeals articulated, determining that a danger is open and obvious is not the end of the analysis in assessing whether a defendant breached his duty of care. *See Hale*, 2003 UT App 240 at ¶ 15, 74 P.3d 628 (explaining limitations to the rule). Though the danger the unenclosed balcony presented was indisputably obvious, Beckstead may still be liable under the rule if he had reason to expect that Hale would forget the danger, would become distracted from it, or would reasonably encounter the danger despite the risk.

¶ 35 The court of appeals dismissed the deliberate encounter exception as a route to recovery here, relying in part on *Laws v. Blanding City*, 893 P.2d 1083, 1086 (Utah Ct.App.1995). The court concluded that the exception did not apply to Hale, who, unlike the plaintiff in *Laws*, "was under no obligation by city ordinance or otherwise to encounter Beckstead's land at all." *Hale*, 2003 UT App 240 at ¶ 18, 74 P.3d 628. We recognize that the *Laws* court properly concluded that the city ordinance requiring the plaintiff there to dump his trash at the public landfill imposed an affirmative duty on the city to protect the public from unsafe conditions at the site. *Laws*, 893 P.2d at 1084. But we disagree with the court of appeals' suggestion that a person can reasonably encounter an obvious danger only when an ordinance or law compels him to do so. *See Hale*, 2003 UT App 240 at ¶ 18, 74 P.3d 628.

¶ 36 The illustrations to the Restatement provide an example that is somewhat analogous to the case at bar. There, the owner of an office building was liable when an employee of a tenant who operated a business on the premises fell on an obviously waxed and slippery stairway. Restatement (Second) of Torts § 343A cmt. f, illus. 5. The reasoning offered was that the employee's only alternative to encountering the obvious danger was to forgo employment. *Id.* Because such was not a reasonable alternative, the landowner breached his duty of care in not ensuring safe passage on the stairs.

¶ 37 A similar argument can be made here, depending upon the particular facts, which we do not have in full. Perhaps Hale was instructed to paint a wall by the unenclosed balcony and Beckstead had reason to expect that Hale would become distracted during his duties such that he would forget about the danger. Hale is entitled to present this theory. The parties have not presented arguments to determine either that Beckstead reasonably believed that Hale would protect himself from the danger or that Beckstead should have expected that Hale would not. We do not know if the relationship between the wall to be painted and the balcony was

such that it would have been impossible for Hale to protect himself from the danger while carrying out his painting duties and a reasonable man in Hale's position would have encountered the danger anyway.

¶ 38 Because all of these factors bear upon whether Beckstead had a duty to warn or otherwise protect Hale from the unenclosed balcony, it was error to affirm the grant of summary judgment.

## CONCLUSION

¶ 39 The legislature did not abolish the open and obvious danger rule as found in the Restatement when it instituted a comparative negligence system of liability in Utah. Instead of acting as a bar to a plaintiff's recovery where the plaintiff invitee was injured on the defendant's property as a result of both parties' negligence, the rule simply defines the duty of care a possessor of land owes his invitees. The court of appeals below properly found that the rule continues to operate in its duty-defining capacity.

¶ 40 Because there are remaining issues of material fact that bear upon the determination of whether Beckstead breached his duty of care, however, the appellate court improperly affirmed the grant of summary judgment against Hale. We therefore reverse and remand for further proceedings consistent with this opinion.

¶ 41 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.