IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Tasha Lee Jensen, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20100924-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Alan Gardner, Kathy Gardner, and Does | ) | (May 17, 2012) |
| 1-50, | ) | |
| | ) | 2012 UT App 146 |
| Defendant and Appellee. | ) | |

-----

Third District, West Jordan Department, 080422569
The Honorable Robert Adkins

Attorneys:      Daniel F. Bertch and Kevin R. Robson, Salt Lake City, for Appellant
Carolyn Stevens Jensen and Mark R. Anderson, Salt Lake City, for
Appellee

-----

Before Judges Davis, Thorne, and Christiansen.

CHRISTIANSEN, Judge:

¶1      Plaintiff Tasha Lee Jensen sued defendants Alan and Kathy Gardner for
negligence after she suffered an injury while on Alan Gardner's property.  The district
court dismissed the action after granting summary judgment in favor of Alan Gardner.[1]
We affirm.

---

[1]The parties stipulated to the dismissal with prejudice of Jensen's claims against
Kathy Gardner.

¶2    The material facts are undisputed.[2]  Alan Gardner owned an apartment complex in Midvale, Utah.  On October 16, 2006, Jensen went to that apartment complex and met with Kathy Gardner to look at an available rental unit.  Jensen parked her car behind the apartment complex in a parking spot designated solely for tenants.  The driveway leading to the tenant parking lot was private and was marked with "two clearly visible signs . . . which read: 'Tenant Parking Only' and 'No Trespassing.'"  Alan Gardner did not recall telling any prospective renter that he or she could park in the tenant parking lot, and neither he nor Kathy Gardner gave permission to Jensen to park in the tenant-only parking.  The Gardners did not know that Jensen had parked in the tenant parking lot that day.  Jensen met with Kathy Gardner inside a unit, and it began to rain while they were inside.  After Jensen left the apartment, she ran toward her car with her "head down" and "was . . . watching [her] feet" because of the rain.  As she was running, she hit her head on a balcony overhang, fell, and broke her leg.  The balcony that Jensen hit her head on "extend[ed] approximately 3 feet 7 inches out from [the] driveway side of the building, and [wa]s about 5 feet 2 inches off the ground and 11 feet long, framed with 3 foot high white lattice on all three sides."  Kathy Gardner had not seen which way Jensen headed after she left the unit and neither Kathy nor Alan Gardner expected or had any reason to expect that Jensen would "run along the [apartment c]omplex's private driveway adjacent to the building to get to her car."

---

[2]In her opposition memorandum to Gardner's motion for summary judgment, Jensen disputed very few of Gardner's facts.  For the facts she did dispute, with the exception explained below in this footnote, Jensen did not "provide an explanation of the grounds for any dispute, supported by citation to relevant materials, such as affidavits or discovery materials."  *See* Utah R. Civ. P. 7(c)(3)(B).  Jensen also did not submit any additional facts.  *See id.*  Jensen claims only that she was running on a sidewalk alongside the private driveway adjacent to the apartment complex when she hit her head on the balcony.  Gardner's evidence demonstrates that there is no such sidewalk. However, this disputed fact was not material to the district court's ruling, and we agree that it is not material.  *See id.* R. 56(c) (providing that summary judgment is proper when "there is no genuine issue as to any *material* fact" (emphasis added)).

Although Jensen does not dispute the material facts, it is worth noting that "we . . . review the facts and all reasonable inferences drawn therefrom in the light most favorable to [Jensen]," and we recite the facts accordingly.  *See Hale v. Beckstead*, 2005 UT 24, ¶ 2, 116 P.3d 263 (internal quotation marks omitted).

¶3    "The grant of summary judgment is a question of law, and we review the trial court's determination of legal issues for correctness, affording no deference to the trial court." *Johnson v. Gold's Gym*, 2009 UT App 76, ¶ 9, 206 P.3d 302, *cert. denied*, 215 P.3d 161. "'Most cases involving claims of negligence are not susceptible to summary disposition.'" *Lyman v. Solomon*, 2011 UT App 204, ¶ 3, 258 P.3d 647 (mem.) (quoting *Schnuphase v. Storehouse Mkts.*, 918 P.2d 476, 477 (Utah 1996)). However, "the initial question of the existence of a legal duty in tort cases is a question of law for the court to determine." *Id.* (citing *Yazd v. Woodside Homes Corp.*, 2006 UT 47, ¶ 14, 143 P.3d 283).

¶4    Assuming without deciding that Jensen was a business invitee rather than a trespasser to the apartment complex, we look to the well-established rule of law known as the "open and obvious danger rule" to determine the duty of care that a landowner owes to an invitee on his or her property. *See generally Hale v. Beckstead*, 2005 UT 24, ¶¶ 8-9, 14, 116 P.3d 263; Restatement (Second) of Torts §§ 343, 343A (1965). According to section 343 of the Second Restatement of Torts,

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, *and*
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, *and*
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Id.* § 343 (emphases added); *accord Hale*, 2005 UT 24, ¶ 8. This liability is further limited by section 343A: "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A; *see also id.* § 343

cmt. a (stating that "[s]ection [343] should be read together with" and is limited by section 343A); *accord Hale*, 2005 UT 24, ¶ 9.

¶5 Jensen has not shown as a matter of law that Gardner should have realized that the balcony created an unreasonable risk of harm to her as an invitee. *See* Restatement (Second) of Torts § 343(a). Jensen claims that if the balcony was either higher or lower it would have presented less of an unreasonable risk of harm to her. However, the undisputed facts demonstrate that Gardner was not aware of anyone else ever hitting his or her head on the balcony.[3]

¶6 Jensen also has not shown that the balcony was a danger that she did not know of or that was not obvious to her. *See id.* § 343A(1). Rather, the undisputed facts indicate that the balcony extended about three feet seven inches from the side of the building, was about five feet off the ground, and was framed with three-foot white lattice on all three sides. In other words, it was an open and obvious danger.

¶7 Nor has Jensen shown that Gardner should have anticipated that any harm could arise from the balcony. *See id.* The undisputed facts demonstrate that Gardner did not know that Jensen was coming from and running to the private tenant parking lot. Moreover, the undisputed facts demonstrate that Gardner had no knowledge of anyone else ever hitting his or her head on the balcony.

¶8 As Jensen asserts, a landowners should anticipate that certain harms may arise in spite of the fact that the dangers are open and obvious. *See Hale*, 2005 UT 24, ¶ 25 ("[T]he Restatement . . . does not absolutely bar a party from recovering for injuries sustained from an open and obvious danger in all circumstances."); Restatement (Second) of Torts § 343A cmt. 1(f) ("Where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it," the possessor owes a "duty of reasonable care" "to warn the invitee, or to take other reasonable steps

---

[3]In her opposition memorandum, Jensen objected to the lack of foundation for Gardner's testimony, "No one other than . . . [Jensen] has ever hit [his or her] head on the balcony, or been injured by it." Our interpretation of this assertion comports with Jensen's restatement of the fact in her opposition memorandum, wherein she agreed that Gardner "could state that he is not aware of any other incidents."

to protect him, against the known or obvious condition or activity.").  Even though Gardner certainly could have anticipated the rain, as a matter of law, he could not reasonably have anticipated that Jensen would have been running by that balcony with her head down and looking at her feet rather than at the balcony.

¶9     Therefore, as a matter of law, Jensen has not shown that Gardner owed her a duty.  Accordingly, the district court correctly dismissed this action on summary judgment.

¶10    Affirmed.


_____
Michele M. Christiansen, Judge


-----

¶11    I CONCUR:


_____
James Z. Davis, Judge


-----

¶12    I CONCUR IN THE RESULT ONLY:


_____
William A. Thorne Jr., Judge