2014 UT App 1

Bianka I. CANDELARIA, Plaintiff
and Appellant,

v.

CB RICHARD ELLIS; Park West Enter-
prises, LLC; and Concept Maintenance
Specialties, Defendants and Appellees.

No. 20120818–CA.

Court of Appeals of Utah.

Jan. 3, 2014.

Bret M. Hanna and Kathleen E. McDonald, for Appellant.

Joseph J. Joyce and Ryan J. Schriever, for Appellee, CB Richard Ellis.

Byron L. Ames, for Appellee, Park West Enterprises, LLC.

Peter H. Barlow and Sade A. Turner, for Appellee, Concept Maintenance Specialties.

Judge MICHELE M. CHRISTIANSEN authored this Memorandum Decision, in which Judges JAMES Z. DAVIS and J. FREDERIC VOROS JR. concurred.

### Memorandum Decision

CHRISTIANSEN, Judge:

¶ 1 Bianka I. Candelaria challenges the district court's grant of summary judgment to defendants CB Richard Ellis (CBRE); Park West Enterprises, LLC; and Concept Maintenance Specialties (CMS) on Candelaria's claims of negligence and negligent infliction of emotional distress. We affirm in part, reverse in part, and remand to the district court for further proceedings.

¶ 2 Candelaria's claims arise from a slip-and-fall injury that occurred at a property in downtown Salt Lake City managed by CBRE (the Property).[1] Candelaria operated a cafe in a commercial space that she leased from CBRE on the Property. On February 14, 2008, heavy snowfall in Salt Lake City resulted in an accumulation of snow on the Property, specifically on the surface of the parking lot behind the building and around the dumpsters located in the parking lot. Though CBRE's maintenance contractor for the Property, Park West, had contracted with CMS for removal of snow and ice from the Property, no snow or ice removal had occurred on the Property since February 6.

¶ 3 On February 20, Candelaria was removing the trash generated by the cafe's morning food preparation and taking it to the dumpsters in the parking lot behind the building. At that time, there was snow on the ground in the parking lot and "a lot of snow right in front of the dumpsters." Candelaria pushed a cart with the trash bags through the snow until the snow became too deep, at which point she removed the bags from the cart and walked the remaining distance to the dumpsters. After depositing the trash in a dumpster, Candelaria stepped backward and slipped on a layer of ice concealed beneath the snow that had accumulated around the dumpsters. She fell and hit her head and back on the pavement, and was knocked unconscious. As a result of the injuries she sustained in the fall, Candelaria requires continuing pain management therapy, is no longer able to perform all of her duties at the cafe, and suffers from a variety of emotional or psychological conditions.

¶ 4 In March 2009, Candelaria filed a complaint against CBRE alleging negligence and intentional and negligent infliction of emotional distress. Park West and CMS were subsequently joined as defendants. CBRE and CMS then moved for summary judgment on Candelaria's negligence claim, asserting that they owed no duty to Candelaria because the hazardous conditions in the parking lot were open and obvious. CBRE also moved for summary judgment on Candelaria's emotional distress claims, arguing that those claims were unsupported by her factual allegations as a matter of law. The district court granted both CBRE's and CMS's motions for summary judgment and dismissed all of Candelaria's claims against the defendants.

¶ 5 Candelaria first challenges the district court's grant of summary judgment to the defendants on her negligence claim. We review the district court's legal conclusions and ultimate grant of summary judgment for correctness. *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600. "Summary judgment is appropriate only where there are no genuine issues

---

1. In reviewing the district court's grant of summary judgment, we recite the facts in the light most favorable to Candelaria because she is the nonmoving party. *See Ross v. Epic Eng'g, PC,* 2013 UT App 136, ¶ 2, 307 P.3d 576.

of material fact and the moving party is entitled to judgment as a matter of law." *Basic Research, LLC v. Admiral Ins. Co.*, 2013 UT 6, ¶ 5, 297 P.3d 578. In reviewing a grant of summary judgment, we view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Magana v. Dave Roth Constr.*, 2009 UT 45, ¶ 5, 215 P.3d 143.

¶ 6 Candelaria argues that the district court erred in concluding that "the conditions of snow and ice in the parking lot were open and obvious to [Candelaria]" and that the defendants therefore owed her no duty. "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Hale v. Beckstead*, 2005 UT 24, ¶ 9, 116 P.3d 263 (citation and internal quotation marks omitted). This principle has come to be known as the "open and obvious danger rule." *See Jensen v. Gardner*, 2012 UT App 146, ¶ 4, 279 P.3d 844 (internal quotation marks omitted). Candelaria asserts that the defendants made no specific allegation that the ice, as opposed to the snow, was an open and obvious danger, and that she specifically disputed that ice was apparent in response to Park West's allegation that she was aware of "snow and winter conditions on the ground." "[I]t only takes one sworn statement under oath to dispute the averments on the other side of the controversy and create an issue of fact." *Holbrook Co. v. Adams*, 542 P.2d 191, 193 (Utah 1975). Accordingly, Candelaria argues that the district court erred in concluding that the ice itself was an open and obvious danger because the evidence she introduced established a genuine dispute as to whether the ice was open and obvious.

¶ 7 Viewing the evidence and inferences drawn therefrom in the light most favorable to Candelaria, we conclude that a disputed issue of material fact remains regarding whether the ice was an open and obvious danger. Candelaria's deposition testimony establishes that while there was accumulated snow in front of the dumpster, she slipped on ice that was concealed beneath that snow. She testified that she could not see the ice in that area and that it was underneath the snow. Her affidavit establishes that she had never experienced icy conditions near the dumpsters, that on the day of her injury she did not feel ice beneath her feet or see any ice in the dumpster area, and that prior to her fall she did not know there was ice accumulated in the dumpster area.

¶ 8 For their part, the defendants concede that Candelaria "slipped and fell on some snow and ice." They argue, however, that the presence of snow and the winter conditions in the parking lot would necessarily result in an icy condition and that this would have been obvious to "[a]ny person who lives in Utah." But this assertion is specifically disputed by Candelaria's sworn statements that the ice that caused her injury was both unexpected and concealed. Candelaria's testimony is sufficient evidence to place into dispute the issue of whether the ice was open and obvious. We therefore conclude that a genuine issue of material fact exists that precludes the entry of summary judgment in favor of the defendants on Candelaria's negligence claim.[2]

¶ 9 Candelaria also challenges the district court's grant of summary judgment to the defendants on her negligent infliction of emotional distress claim.[3] To establish a claim of negligent infliction of emotional distress, a plaintiff must show that (1) the defendant unintentionally caused emotional distress to the plaintiff; (2) the defendant

---

2. The defendants also argue that they had no duty to warn Candelaria of a danger of which she had knowledge. *See Hale v. Beckstead*, 2005 UT 24, ¶ 9, 116 P.3d 263 ("A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is *known* or obvious to them...." (emphasis added) (citation and internal quotation marks omitted)). However, Candelaria's sworn testimony that she had no such knowledge is also sufficient to create an issue of material fact as to her knowledge of the icy condition.

3. Candelaria does not challenge on appeal the district court's grant of summary judgment to the defendants on her intentional infliction of emotional distress claim.

"should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person"; (3) the defendant, "from facts known to him, should have realized that the distress, if it were caused, might result in illness or bodily harm"; and (4) the emotional distress resulted in illness or bodily harm to the plaintiff. *See Anderson Dev. Co. v. Tobias,* 2005 UT 36, ¶ 57, 116 P.3d 323.

¶ 10 Here, Candelaria has presented no evidence that the defendants caused emotional distress to her that resulted in illness or bodily harm. Rather, Candelaria's position is that "following the accident, [she] has suffered from depression, severe anxiety, sleep disturbance, uncontrollable bouts of crying, mood swings, and fatigue," none of which she experienced prior to the accident. Thus, Candelaria's allegations would demonstrate that the defendants caused physical injury to her that resulted in emotional distress, and not the other way around. Candelaria has not alleged any emotional injuries that do not stem from the physical injuries sustained in her fall, or that she would have suffered absent her physical injuries. These allegations do not support a claim for negligent infliction of emotional distress. Instead, any emotional or psychological harm suffered by Candelaria as a result of her physical injuries is properly the subject of damages arising from her negligence claim, and not a separate claim for negligent infliction of emotional distress. *See Dalley v. Utah Valley Reg'l Med. Ctr.,* 791 P.2d 193, 201 (Utah 1990) ("[A]wards for pain and suffering result when the emotional trauma arises from the physical injury and awards for negligently inflicted emotional distress arise when physical or mental illness results from the emotional trauma itself.").

¶ 11 "A plaintiff's failure to present evidence that, if believed by the trier of fact, would establish any one of the [elements] of the prima facie case justifies a grant of summary judgment to the defendant." *Niemela v. Imperial Mfg., Inc.,* 2011 UT App 333, ¶ 7, 263 P.3d 1191 (alteration in original) (citation and internal quotation marks omitted). Because Candelaria failed to establish a prima facie claim of negligent infliction of emotional distress, the district court did not err in granting summary judgment to the defendants on this issue.

¶ 12 We affirm the district court's grant of summary judgment to the defendants on Candelaria's negligent infliction of emotional distress claim. We reverse the district court's grant of summary judgment to the defendants on Candelaria's negligence claim and remand for further proceedings consistent with this decision.