FILED
United States Court of Appeals
Tenth Circuit

**July 16, 2018**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROLAND CRITCHFIELD,

　　　　Plaintiff - Appellant,

v.

BLAZIN WINGS, INC., doing
business as Buffalo Wild Wings Grill
& Bar, a foreign corporation; JOHN
DOES I-IV,

　　　　Defendants - Appellees.

No. 17-4100
(D.C. No. 2:15-CV-00794-EJF)
D. Utah

**ORDER AND JUDGMENT**[*]

Before **MORITZ**, **MURPHY**, and **EID**, Circuit Judges.

## I. INTRODUCTION

Roland Critchfield slipped and fell on the wet, soapy bathroom floor of a

Buffalo Wild Wings Bar & Grill ("Buffalo Wild Wings") in Sandy, Utah.

Critchfield brought suit against Blazin Wings, Inc. ("Blazin"), the parent

company of Buffalo Wild Wings, asserting injuries he suffered in the slip-and-fall

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

arose out of Blazin's negligence. The district court granted summary judgment to Blazin, concluding the danger posed by the wet floor was so obvious, no reasonable juror could conclude Blazin owed a duty to Critchfield. Critchfield appeals, asserting the district court erred as to evidentiary rulings and erred in concluding Blazin did not, as a matter of law, owe a duty to Critchfield. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

## II. BACKGROUND

### A. Factual Background

Critchfield drove to Buffalo Wild Wings to meet a group of friends. Before joining his friends, he went to the restroom. The restroom featured two urinals and a toilet stall. As he entered, Critchfield saw a small yellow sign on the floor by a urinal that said: "Caution Wet Floor." He understood the sign to indicate a wet floor and to walk with caution. He observed "more water than you would expect to see on a public restroom floor," indicating either a toilet had overflowed or cleaning had not been finished. After taking approximately four steps into the bathroom, he perceived water underfoot and felt uncomfortable. During his deposition, Critchfield drew a circle around the area of the floor that was wet and identified the location of the caution sign on a photograph of the bathroom. The area he identified is adjacent to the urinal Critchfield selected and between the urinal and the location of the yellow caution sign. Thus, there was, according to Critchfield's deposition testimony, a dry path to one urinal and the toilet stall.

Critchfield did not proceed along the dry path. Instead, using "extreme caution," he stepped in front of the caution sign and walked through the wet area to the nearest urinal. Upon finishing at the urinal, Critchfield headed back toward the sink. Before reaching the sink, he slipped and fell. He got up, washed off at the sink, exited the restroom, and joined his party. Critchfield completed a "Guest Statement" describing the incident in detail before leaving the restaurant.

## B. Procedural Background

After Critchfield filed suit in Utah state court, Blazin removed the matter to federal court based upon diversity jurisdiction. *See generally* 28 U.S.C. §§ 1332, 1441. Blazin served its initial disclosures on Critchfield on December 31, 2015. *See generally* Fed. R. Civ. P. 26(a)(1). Critchfield never exercised his right to serve Blazin with interrogatory requests or requests for production. Blazin's initial disclosures identified Corey Rappleye, a then current manager, as a person with knowledge of the incident. Thereafter, Blazin sent Critchfield a letter advising that Rappleye was no longer its employee. That letter provided Critchfield with Rappleye's last known contact information. On November 18, 2016, Critchfield and Brandon Elmont, a representative of Blazin, were deposed. Fact discovery closed on January 13, 2017. On February 2, 2017, Critchfield requested video, sweep and inspection logs, and proprietary policies and procedures. Dissatisfied with Blazin's response (i.e., that it did not have the video or logs), Critchfield filed a motion for sanctions which alleged various

discovery abuses. Blazin opposed Critchfield's motion, asserting the requested items were irrelevant.

On February 21, 2017, Blazin filed its motion for summary judgment. Blazin asserted it owed Critchfield no duty with respect to the known and obvious danger of the wet floor adjacent to the urinal Critchfield used or, alternatively, it did not breach its duty. In opposition to Blazin's motion for summary judgment, Critchfield filed a declaration which changed his prior sworn deposition testimony regarding the extent of the area of the bathroom floor covered by water.

The district court heard oral argument on Critchfield's motion for sanctions and Blazin's motion for summary judgment. As to Critchfield's motion for sanctions, the district court apparently[1] denied it in relevant part from the bench. The minute order entered by the district court at the conclusion of the hearing states as follows:

> Motion Hearing held on 5/1/2017 re . . . MOTION for Sanctions and Memorandum in Support filed by Roland Critchfield . . . . Court hears argument from counsel and TAKES UNDER ADVISEMENT/ DENIES . . . Motion for Sanctions, DENYING as to evidence produced in conjunction with Summary Judgment, taking the rest of the motion under advisement.

The district court then heard argument on Blazin's motion for summary judgment and took the matter under advisement. Thereafter, it entered a written order

---

[1]We use the term "apparently" because Critchfield did not include in the record on appeal a transcript of the hearing or the district court's oral ruling that was eventually memorialized in a minute entry.

-4-

granting Blazin's motion. It began by excluding the statements made in Critchfield's post-deposition declaration asserting that the entire floor of the bathroom was wet. Employing the guiding analysis set out by this court in *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973 (10th Cir. 2001), the district court concluded the statements set out in Critchfield's affidavit were an attempt to create a sham issue of fact. Thus, in deciding whether Blazin owed Critchfield a duty under Utah law, the district court considered only that a portion of the bathroom floor adjacent to the urinal Critchfield chose to use was obviously wet and slippery. Given that set of facts, the district court concluded Blazin did not owe Critchfield a duty under controlling Utah law. District Ct. Order at 9-11 (citing *Hale v. Beckstead*, 116 P.3d 263 (Utah 2005)).

### III. ANALYSIS

### A. Evidentiary Issues

A district court's decision to exclude affidavits submitted in response to a summary judgment motion is reviewed for abuse of discretion. *Law Co., Inc. v. Mohawk Constr. & Supply Co., Inc.*, 577 F.3d 1164, 1169 (10th Cir. 2009); *see also Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986) ("[T]he utility of summary judgment as a procedure for screening out sham fact issues would be greatly undermined if a party could create an issue of fact merely by submitting an affidavit contradicting his own prior testimony."). The same standard applies to a district court's refusal to grant sanctions for spoliation of evidence. *Turner*

*v. Pub. Serv. Co.*, 563 F.3d 1136, 1150 (10th Cir. 2009). A district court does not abuse its discretion unless its ruling is arbitrary, capricious, whimsical, or manifestly unreasonable.

In his brief on appeal, Critchfield asserts the district court erred when it excluded his post-deposition declaration as an attempt to create a sham factual issue on the basis that the declaration asserted the floor was soapy, while his deposition testimony merely stated the floor was wet. The problem with Critchfield's assertion is that the district court did not exclude his declaration on that basis. A review of the district court's order granting summary judgment reveals that the district court analyzed the existence of a duty on the part of Blazin with reference to a wet, *soapy* floor. The district court excluded Critchfield's declaration only after concluding the declaration amounted to an attempt to create a sham issue of fact as to whether there was a dry path around the puddle of water to an alternate urinal or toilet stall.[2]

Critchfield asserts the district court erred in denying his motion for sanctions based on Blazin's alleged spoliation of evidence. We conclude Critchfield's failure to file a transcript of the hearing on the motion for sanctions constitutes a waiver of the issue. Under 10th Cir. R. 10.1(A)(1), "[t]he appellant

---

[2]For the first time at oral argument, Critchfield's attorney asserted the district court erred in excluding Critchfield's declarations on this basis. This court does not consider arguments raised for the first time at oral argument. *Dodds v. Richardson*, 614 F.3d 1185, 1207-08 (10th Cir. 2010).

must provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal." *See also* 10th Cir. R. 10.3(C)(3) (requiring a record on appeal to contain transcripts of oral rulings). "[F]ailure to file the required transcript involves more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus. It raises an effective barrier to informed, substantive appellate review." *McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992). Without the transcript, we affirm the district court's order. *See id.*

**B. Summary Judgment**

This court reviews de novo an order of the district court granting summary judgment, viewing the evidence in the light most favorable to the non-moving party. *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1129 (10th Cir. 2009). Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We consider the availability of summary judgment against the backdrop of the forum state's substantive law." *Evanston Ins. Co. v. Law Office of Michael P. Medved, P.C.*, 890 F.3d 1195, 1198 (10th Cir. 2018). Thus, in determining whether Blazin is entitled to judgment as a matter of law, this court applies Utah substantive law. *See id.* Whether or not there exists a legal duty in a tort case like this is a question of law for the court. *Jensen v. Gardner*, 279 P.3d 844, 845-46 (Utah Ct. App. 2012).

Critchfield argues the district court erred in determining that, as a matter of law, Blazin did not owe him a duty of care because it could not have reasonably expected him to walk through the obviously slippery puddle of water to use the nearest urinal when there was an available dry path to an alternate toilet.[3] Critchfield's arguments in this regard are unconvincing.

It is uncontested Blazin possessed the land (i.e., restaurant and bathroom) and invited Critchfield onto the property as a customer, making Critchfield a business invitee. "The duty of care that possessors of land in Utah owe to invitees upon their property is set forth in sections 343 and 343A of the Second Restatement of Torts." *Hale*, 116 P.3d at 265. As interpreted by the Utah Supreme Court, these provisions permit land possessors to maintain open and obvious dangers on their premises without liability so long as the condition does not fall within an exception set out in the Restatement. *Id.* at 269. That is, a duty only attaches if the land possessor should reasonably expect invitees not to perceive the danger, to forget the danger, or to reasonably encounter the danger despite its obviousness. *Id.*

---

[3]To prevail on a negligence claim, Critchfield must establish the following: Blazin owed him a duty of care, it breached that duty, and the breach caused him to suffer legally compensable damages. *Cope v. Utah Valley State Coll.*, 342 P.3d 243, 248 (Utah 2014). The district court resolved this case solely on the basis Blazin did not owe Critchfield a duty of care.

The record makes clear that upon entering the bathroom, and before proceeding to the urinal, a reasonable person could see the condition of the floor and could see a sign warning that caution was necessary. Indeed, Critchfield recognized the floor had "more water than you would expect to see on a public restroom floor[,] indicating that either a toilet had overflowed or perhaps cleaning hadn't been finished." Perceiving this danger, he walked through the wet area to the nearest urinal using "extreme caution," feeling "completely uncomfortable even taking the very smallest of steps." Thus, the record definitively demonstrates there was no reason for Blazin to expect an invitee would not perceive the danger or would forget about its existence. Likewise, with a puddle of liquid visible in front of one urinal, an obvious dry path to an alternate urinal or toilet stall, and a sign encouraging caution, Blazin could not have reasonably expected that Critchfield would choose to walk through the puddle to use the identified urinal. *See Jensen*, 279 P.3d at 845-46 (granting summary judgment to

landowner in analogous situation).[4]  That being the case, the district court correctly concluded Blazin did not owe a duty to Critchfield under Utah law.

## IV.  CONCLUSION

For those reasons set out above, the orders of the United States District Court for the District of Utah excluding Critchfield's declaration, denying Critchfield's motion for sanctions, and granting summary judgment in favor of Blazin are hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[4]Critchfield is simply wrong in arguing the district court engaged in an improper assessment of comparative negligence in granting Blazin summary judgment.  Instead, the district court undertook a proper analysis of the existence of a duty on the part of Blazin, a legal question, by considering whether Blazin would reasonably expect a business invitee like Critchfield to walk through an obvious puddle of water on the floor of a public restroom to use the first urinal in a bathroom when there was a dry path to an alternate urinal or toilet stall.  *See Hale v. Beckstead*, 116 P.3d 263, 268 (Utah 2005).  Having correctly concluded the answer to that question was "no," the question of comparative fault became irrelevant.  *Id.* ("Where there is no duty, there is no fault to compare or distribute under the comparative fault scheme.").