2015 UT App 124

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
APOLINAR OJEDA,
Defendant and Appellant.

Memorandum Decision
No. 20130372-CA
Filed May 14, 2015

Third District Court, Salt Lake Department
The Honorable Judith S.H. Atherton
No. 111905855

Herschel Bullen, Attorney for Appellant

Sean D. Reyes and Jeffrey S. Gray, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES JAMES Z. DAVIS and JOHN A. PEARCE concurred.

ORME, Judge:

¶1 Defendant Apolinar Ojeda appeals his convictions of unlawful possession of a firearm by a restricted person, a third degree felony, and possession of drug paraphernalia, a class B misdemeanor. Defendant argues that (1) his trial counsel's performance was constitutionally deficient because counsel failed to object to the elements instruction for possession of a firearm by a restricted person; (2) the trial court did not adequately resolve a question asked by the jury during its deliberation; (3) the trial court erred by allowing evidence of Defendant's possession of morphine, which was not a charged offense; (4) the trial court erred by admitting evidence of "pay-owe" sheets; (5) the trial court erred in denying Defendant's motion for mistrial; and (6) the cumulative error doctrine applies

in the event we are not otherwise prepared to reverse Defendant's convictions.

¶2 We decline to consider Defendant's fifth and sixth issues because they are inadequately briefed. *See State v. Timmerman*, 2009 UT 58, ¶ 25 n.5, 218 P.3d 590 ("An issue is inadequately briefed if the argument merely contains bald citations to authority [without] development of that authority and reasoned analysis based on that authority.") (alteration in original) (citation and internal quotation marks omitted). Because we resolve all of the remaining issues against Defendant, we affirm his convictions.

¶3 Defendant was one of nine individuals rounded up during a SWAT team's nighttime execution of a search warrant at his home. Some of the individuals were residents of the home while others were itinerant overnight guests or visitors. A search of the residence uncovered contraband of various sorts. Specifically found in Defendant's room were drugs, drug paraphernalia, guns, and ammunition. Defendant was charged with one count of possession of methamphetamine, two counts of unlawful possession of a firearm by a restricted person, and one count of possession of drug paraphernalia. A jury convicted Defendant of the paraphernalia charge and one count of unlawful possession of a firearm by a restricted person. Defendant was acquitted of the other two charges.

¶4 To succeed on his ineffective assistance of counsel argument, Defendant is required to prove that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). "In the event it is 'easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,' we will do so without analyzing whether counsel's performance was professionally unreasonable."

*Archuleta v. Galetka*, 2011 UT 73, ¶ 41, 267 P.3d 232 (quoting *Strickland*, 466 U.S. at 697).

¶5     Defendant takes issue with Jury Instruction No. 20, which reads:

> [Defendant] is charged in Count 2 of the Information with Transfer, Possession, or Use of a Firearm by Restricted Person, on or about July 23, 2011. You cannot convict him of this offense unless, based on the evidence, you find beyond a reasonable doubt each of the following elements:
>
> 1.  On or about July 23, 2011;
>
> 2.  In Salt Lake County;
>
> 3.  That [Defendant];
>
> 4.  Did purchase, transfer, possess, use, or have under his custody or control;
>
> 5.  A firearm; AND
>
> 6.  Was an unlawful user of a controlled substance OR was in unlawful possession of a schedule I or II controlled substance.

Defendant complains that the instruction, as it was given to the jury, lacked the statutory language requiring that Defendant be in possession of a dangerous weapon while knowingly and intentionally possessing a schedule I or II controlled substance. *See* Utah Code Ann. § 76-10-503(1)(b)(iv) (LexisNexis 2012). Thus, Defendant's notion of a proper jury instruction would be identical to the instruction given, except element six would have read, with the proposed differences emphasized, as follows:

> 6. Was an unlawful user of a controlled substance OR was *in possession of a dangerous weapon and was knowingly and intentionally* in unlawful possession of a schedule I or II controlled substance.

According to Defendant, then, there were two problems with Jury Instruction No. 20. First, it omitted the requirement that Defendant possess a dangerous weapon—apparently as opposed to a firearm. Second, it omitted a mens rea for the unlawful possession of a schedule I or II controlled substance.

¶6 We have explained that "jury instructions are to be considered as a whole, . . . in light of all the others." *State v. Johnson*, 774 P.2d 1141, 1146 (Utah 1989). To conclude that no prejudice resulted from the first omission of which Defendant complains, we need look no further than elements four and five of Jury Instruction No. 20, which required the jury to find that Defendant purchased, transferred, possessed, or used a firearm or had one under his custody or control.[1] To add an element to the jury instruction requiring the jury to find that Defendant was in possession of a dangerous weapon would have been redundant. If Defendant possessed, used, or had custody or control of a firearm, he necessarily possessed a dangerous weapon. *See* Utah Code Ann. § 76-1-601(10) (LexisNexis 2012) ("'Possess' means to have physical possession of or to exercise

---

1. Because, as the State explains, its "entire case rested on Defendant's constructive possession of . . . the guns," the only acts under the statute for which evidence was presented were possession, use, custody, or control. "The State offered no evidence that Defendant purchased or transferred the guns." Inclusion of the inapplicable language from the statute did not prejudice Defendant, as the jury heard no evidence consistent with purchase or transfer but ample evidence bearing on the other statutory variants.

dominion or control over tangible property."); *id.* § 76-10-501(6)(a) (Supp. 2014) (defining "dangerous weapon" as, among other things, "a firearm"[2]). Use of the term "firearm" instead of "dangerous weapon," then, did not prejudice Defendant in any way.

¶7     We next consider Defendant's contention that trial counsel's failure to object to the absence of specific mens rea language in Jury Instruction No. 20 constituted ineffective assistance of counsel. Again, this question cannot be considered in a vacuum; instead, we consider the jury instructions as a whole. *See Johnson*, 774 P.2d at 1146. Jury Instruction No. 27 required the State to prove to the jury's "unanimous satisfaction and beyond a reasonable doubt that [Defendant] knowingly possessed a controlled substance."[3] Even though Jury Instruction

---

2. The section 501 language is taken from the current version of the statute. The version in effect at the time of Defendant's criminal episode defined "firearm," in part, as a "device that could be used as a dangerous weapon." *See* Utah Code Ann. § 76-10-501(9)(a) (LexisNexis 2008). The difference in definitional approach is inconsequential in the context of this appeal.

3. In his brief, Defendant's primary argument regarding Jury Instruction No. 20 seems to be that the jury could have convicted Defendant "without the requirement that he be in actual possession of a dangerous weapon." The issue regarding the lack of a mens rea element is only divined when we compare the instruction that was given with the instruction Defendant argues should have been given. *See supra* ¶ 5. At oral argument, Defendant's counsel brought up the lack of a mens rea element and was asked why Jury Instruction No. 27 did not cure the alleged error. It was only then that counsel articulated Defendant's argument that the firearm statute requires the possession of a schedule I or II controlled substance to be knowing *and* intentional, *see* Utah Code Ann. § 76-10-503(1)(b)(iv) (LexisNexis 2012), and that Jury Instruction No. 27

(continued…)

No. 20 did not contain a mens rea requirement for the possession of a controlled substance, a finding of that mens rea was mandated elsewhere in the jury instructions. *See supra* note 3. Because no prejudice resulted from the omission of either the "possession of a dangerous weapon" phrase or the detailed mens rea elements from Jury Instruction No. 20, Defendant cannot establish that his trial counsel's performance was constitutionally ineffective.

¶8     Defendant has also failed to demonstrate that the trial court erred in its treatment of a question from the jury. During deliberations, the jurors asked "whether they were required to find Defendant not guilty of both counts of possession of a firearm by a restricted person if they found him not guilty of both possession of a controlled substance and possession of drug

_____

(…continued)

dealt only with "knowingly." Accordingly, we could decline to reach this issue because it was not adequately briefed. *See State v. Sloan*, 2003 UT App 170, ¶ 13, 72 P.3d 138.

We note, however, that the jury instructions, taken as a whole, adequately addressed "intentionally." If the jury convicted Defendant on the firearm charge because it determined that he "was in unlawful possession of a schedule I or II controlled substance," it did so because it was cognizant of Jury Instruction No. 26. With our emphasis, that instruction explained, "A person who may know of the whereabouts of illicit drugs and who might even have access to them, but who has *no intent* to obtain and use the drugs, cannot be convicted of possession of a controlled substance. Knowledge and ability to possess do not equal possession." That instruction ends by indicating, "This instruction also applies to the charge of . . . Possession of a Firearm By a Restricted Person." Thus, the intent requirement was before the jury, even if not in the more direct manner preferred by Defendant's appellate counsel as his theory evolved and was ultimately expressed at oral argument.

paraphernalia." Defense counsel requested that the court simply answer in the affirmative. Instead, the trial court referred the jury to Jury Instruction No. 12, which indicated that the jury's "verdict on one charge does not determine [its] verdict on any other charge." The instruction also directed the jury to "consider each charge separately" and "consider all of the evidence related to that charge" and "[d]ecide whether the prosecution has presented proof beyond a reasonable doubt that [Defendant] is guilty of that crime."

¶9     We acknowledge that there is little "procedural guidance" governing the proper handling of written questions submitted by juries in the course of deliberation. *See State v. Ison*, 2006 UT 26, ¶ 42, 135 P.3d 864. However, our caselaw provides some direction. For a defendant to successfully argue that the trial court erred in its treatment of a question from the jury, he must show (1) that the response given to the jury was incorrect or somehow misinformed the jury and (2) that there is a reasonable likelihood the jury's verdict would have been different if a correct response had been given.[4]

---

4. *See, e.g.*, *State v. Davis*, 2013 UT App 228, ¶¶ 100, 109, 311 P.3d 538 (affirming a conviction because the defendant had not demonstrated any resulting prejudice, even assuming the response to a jury's question had been improper); *State v. Ingleby*, 2004 UT App 447, ¶¶ 11, 15, 104 P.3d 657 (affirming a conviction where the trial court's response to a jury's question, even if improper, was harmless because there was not "'a reasonable likelihood that in its absence there would have been a more favorable result for the defendant'") (quoting *State v. Johnson*, 771 P.2d 1071, 1073 (Utah 1989)); *State v. Belt*, 2000 UT App 205U, para. 3 (refusing to reverse a conviction based on the trial court's answer to a jury's question when defendant failed to make "any persuasive argument that the trial court's answer to the jury question was incorrect or misinformed the jury [and] failed to articulate any circumstance under which the jury's verdict

(continued…)

¶10    Defendant does not argue that Jury Instruction No. 12 misstated the law, and we are unconvinced that the trial court's response to the jury's question prejudiced him in any way. Defendant does attempt to argue that the "jury was clearly confused in thinking that if [it] found [D]efendant guilty of possession of drug paraphernalia under instruction 22, [it] could utilize that finding as a basis for finding guilt pursuant to instructions 20 and 21." In support of this argument, Defendant points out that he was acquitted of the possession of methamphetamine charge. Moreover, the conviction for possession of a firearm by a restricted person could not be premised on possession of drug paraphernalia, but required either a finding that Defendant was a user of a controlled substance *or* was knowingly and intentionally in possession of a schedule I or II controlled substance. *See* Utah Code Ann. § 76-10-503(1)(b) (LexisNexis 2012). The jury could have found this element was satisfied if it properly concluded that Defendant was an "unlawful user of a controlled substance." *See id.* Whether or not it could have so determined turns on our resolution of another issue raised by Defendant.

¶11    Defendant claims the trial court's allowance of evidence regarding Defendant's possession of morphine tablets was erroneous under rule 404(b) of the Utah Rules of Evidence.[5] But

---

(…continued)
would have been different if some other correct answer to the jury's question had been given"); *Laws v. Blanding City*, 893 P.2d 1083, 1086 (Utah Ct. App. 1995) (reversing and remanding for new trial when jury's question revealed that jury instruction was flawed, response to question did not correct error, and appellant was prejudiced as a result).

5. We deal with this argument in the way it was briefed. At oral argument, Defendant's appellate counsel framed the issue as one bearing on notice and due process, but the State correctly pointed out that the issue was not briefed that way. "We will not

(continued…)

he did not object on these grounds at trial. We therefore review Defendant's rule 404(b) challenge for plain error. *See State v. Pinder*, 2005 UT 15, ¶ 45, 114 P.3d 551.

¶12    As the State correctly points out, the morphine evidence is not problematic under rule 404(b), because that evidence was not germane to the weapons or methamphetamine charges, but instead constituted some of the evidence establishing that Defendant was a user of illegal drugs who, on that basis alone, was restricted from possessing firearms. Because this evidence went directly to an element that the State was required to prove, it was not admitted for any of the purposes governed by rule 404(b), *see* Utah R. Evid. 404(b)(1), but rather was introduced as direct evidence of one of the crimes with which Defendant was charged, namely possessing firearms while being a drug user. And because this evidence was properly admitted for this purpose, the jury had an evidentiary basis to find Defendant had in fact possessed a firearm while being a drug user. *See supra* ¶ 10. Thus, Defendant has not met his burden of showing plain error.

¶13    Finally, Defendant has not persuaded us that the trial court's allowance of indirect evidence of "pay-owe" sheets[6] prejudiced him. Before trial, the court ruled that the alleged pay-owe sheets would be inadmissible at trial, and the pay-owe sheets themselves were not admitted into evidence. But Exhibit 13—a photograph depicting the contents of Defendant's desk

---

(…continued)
reverse based on an unbriefed argument raised for the first time at oral argument." *In re Gregory, Barton & Swapp, PC*, 2011 UT App 170, ¶ 10, 257 P.3d 495.

6. At the preliminary hearing, an officer who helped execute the search warrant testified that pay-owe sheets are records used to keep track of "people that owe money, and amounts of money owed . . . for product that's been sold."

drawer—was admitted. The photo supported the State's paraphernalia charge because it revealed a glass methamphetamine pipe that was discovered in the drawer. The photo also showed a spiral notebook page, which the State believed was a pay-owe sheet. This photo was admitted into evidence without objection, and so our review is again for plain error.

¶14 One witness for the State, a police officer who searched the home, began to describe the spiral notebook page shown in the exhibit. Before he could speak in any detail about the alleged pay-owe sheet, the prosecutor stopped him and inquired on another point. After the prosecutor had begun discussing other exhibits, defense counsel objected, a sidebar conversation took place, and the court indicated that the pay-owe-sheet evidence might be admissible because it went to the issue of constructive possession. Regardless, the prosecutor proceeded with unrelated questioning.

¶15 A second officer mentioned the pay-owe sheets during his testimony, and defense counsel objected. That objection was sustained.

¶16 Without more, Defendant cannot demonstrate that this evidence prejudiced him in any way. The evidence was never put into context or explained to the jurors. It was not mentioned during closing argument. During the first officer's testimony, the prosecutor immediately steered the conversation away from the pay-owe sheets and did not draw attention to the reference. During the second officer's testimony, defense counsel promptly objected and the objection was sustained. Beyond guardedly asserting that the "hint of evidence of other crimes may have been sufficient to tip the scales for the jury to find the defendant guilty of at least some drug related offense," Defendant has not explained what prejudice he suffered from these passing mentions of the pay-owe sheets. He therefore has not met his burden of demonstrating plain error.

¶17 In conclusion, Defendant's trial counsel was not ineffective for choosing not to demand the inclusion of redundant elements in Jury Instruction No. 20. Furthermore, the trial court did not err in its answer to the jury's question, its admitting evidence of morphine, or its allowance—if it can be called such—of brief references to alleged pay-owe sheets. Defendant's arguments on appeal are unavailing, and we affirm his convictions.

———————